**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GIRARD STREET INVESTMENT
HOLDINGS LLC,

                              *Plaintiff*,

           v.

PDV HOLDING, INC,

                              *Defendant*.

Case No. 24-cv-4448 (JSR)

**RED TREE INVESTMENTS, LLC'S OPENING BRIEF**
**IN SUPPORT OF ITS MOTION TO INTERVENE**

Steven F. Molo
Justin M. Ellis
Mark W. Kelley
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
smolo@mololamken.com
jellis@mololamken.com
mkelley@mololamken.com

*Counsel for Red Tree Investments, LLC*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................ 1

STATEMENT OF FACTS ............................................................................................. 2

I.    Red Tree's Claim and the *Crystallex* Sale Proceeding ....................................... 2

II.   Girard Street's Claim and Strategy To Sidestep the *Crystallex* Action............................. 3

ARGUMENT ................................................................................................................... 5

I.    The Court Should Allow Red Tree To Intervene.................................................. 5

    A.    The Court Should Grant Intervention as of Right......................................5

        1.    Red Tree's Motion Is Timely....................................................5

        2.    Red Tree Has an Interest Relating to the CITGO Holding Shares .............6

        3.    Red Tree's Interest Would Be Impaired Absent Intervention ....................8

        4.    The Other Parties Will Not Adequately Represent Red Tree's Interests ........................................9

    B.    The Court Should Grant Permissive Intervention....................................9

CONCLUSION.......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### Cases

*Brennan v. N.Y.C. Bd. of Educ.*,
  260 F.3d 123 (2d Cir. 2001)......................................................................................7

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001)......................................................................................9

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
  2023 WL 6619376 (D. Del. Oct. 11, 2023) ..............................................................2

*Feeding BV v. Principle Sols., LLC*,
  2015 WL 136402 (E.D. Wis. Jan 8, 2015)................................................................8

*Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*,
  658 F. Supp. 1205 (S.D.N.Y. 1987).........................................................................7

*Hum. Servs. Council of N.Y. v. City of N. Y.*,
  2022 WL 4585815 (S.D.N.Y. Sept. 29, 2022).........................................................9

*Lawsky v. Condor Cap. Corp.*,
  2014 WL 2109923 (S.D.N.Y. May 13, 2014) ..........................................................8

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006)......................................................................................8

*In re Oceana Int'l, Inc.*,
  49 F.R.D. 329 (S.D.N.Y. 1969) ................................................................................7

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*,
  2022 WL 611563 (D. Del. Mar. 2, 2022) .................................................................7

*Olin Corp. v. Lamorak Ins. Co.*,
  325 F.R.D. 85 (S.D.N.Y. 2018) ........................................................................5, 6, 9

*Peterson v. Islamic Republic of Iran*,
  290 F.R.D. 54 (S.D.N.Y. 2013) ..........................................................................7, 10

*Republic of the Phil. v. Abaya*,
  312 F.R.D. 119 (S.D.N.Y. 2015) ..............................................................................7

*Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prod., Inc.*,
  725 F.2d 871 (2d Cir. 1984)......................................................................................6

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978)......................................................................................9

**Statutes, Rules, and Regulations**

31 C.F.R. § 591.101 ...................................................................................................3

31 C.F.R. § 591.201 ...................................................................................................3

Fed. R. Civ. P. 24(a) ...............................................................................................5, 9

Fed. R. Civ. P. 24(a)(2) ..............................................................................................5

Fed. R. Civ. P. 24(b) ..............................................................................................5, 9

Fed. R. Civ. P. 24(b)(3) ..............................................................................................9

Fed. R. Civ. P. 69(a)(1) .............................................................................................10

N.Y. C.P.L.R. § 5225 ...............................................................................................10

**Other Authorities**

OFAC, "Venezuela-Related Sanctions," https://bit.ly/3zBLOI1 .....................................3

**INTRODUCTION**

This case is a ploy to undermine execution proceedings in another court. Plaintiff Girard Street Investment Holdings LLC is one of dozens of entities with judgments against Petróleos de Venezuela, S.A. ("PDVSA"). Other PDVSA creditors – including the proposed intervenor, Red Tree Investments, LLC – are participating in an execution proceeding in the District of Delaware against PDVSA's shares in its wholly owned subsidiary, PDV Holding, Inc. ("PDVH"). In that proceeding, the Delaware court will soon auction off the PDVH shares and, with it, PDVH's indirect interest in the multi-billion-dollar oil refiner CITGO.

Girard Street moved too slowly to recover from the PDVH share sale. So, it commenced this action to seize ***PDVH's*** shares of ***its*** wholly owned subsidiary, CITGO Holding. Girard Street is trying to skip the line in Delaware by seizing assets further down the corporate ladder:



Red Tree seeks intervention to protect its rights in Delaware and to prevent dilution of the PDVH shares' value. Red Tree meets all the requirements for intervention as of right. Its intervention application is timely. It has a clear interest in PDVH's property. And its interests will not be protected by Girard Street (a competing creditor) or PDVH (the subsidiary of Red Tree's judgment debtor). The Court should allow Red Tree to intervene.

**STATEMENT OF FACTS**

**I.    RED TREE'S CLAIM AND THE *CRYSTALLEX* SALE PROCEEDING**

Red Tree holds two judgments of more than $280 million against PDVSA arising out of PDVSA's defaulted debt.  *See Red Tree Invs., LLC v. Petróleos de Venezuela, SA*, Nos. 22-mc-68 and 22-mc-69 (D. Del.) (the "*Red Tree* Actions").  Red Tree registered those judgments in the District of Delaware and moved to attach PDVSA's shares in PDVH.  *Id.* Dkt. Nos. 3 and 4. CITGO Holding, the parent company of the oil refiner CITGO, is the primary asset held by PDVH and the only significant asset available to PDVSA's U.S. creditors.  *See* Statement of Interest of the U.S., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (the "*Crystallex* Action"), Dkt. No. 212 at 3-4, 12 (D. Del. July 16, 2020).

Red Tree is one of nearly two dozen creditors holding more than $22 billion of attachments against the PDVH shares.  Those attachments have all been consolidated in the *Crystallex* Action.  After years of preparation, the *Crystallex* court appointed a special master to conduct an auction of the PDVH shares to pay creditors.  *See Crystallex* Action Dkt. No. 258. That process is nearly complete.  The special master will announce the auction winner by July 31, and a final sale hearing is scheduled for September 19.  *Id.* Dkt. No. 1213.

The *Crystallex* court has also set rules for which creditors qualify to receive proceeds from the PDVH share sale and in what priority.  *Crystallex* Action Dkt. No. 646.  Two key rules are relevant here.  *First*, to be eligible to receive sale proceeds, creditors must first complete a series of seven "steps" by specified deadlines.  Most importantly, creditors may receive sale proceeds only if they completed "Step 5" – an order from the court authorizing a writ of attachment – by January 12, 2024.  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2023 WL 6619376, at *2 (D. Del. Oct. 11, 2023).  *Second*, creditors will receive proceeds in the order they filed a successful motion to attach the PDVH shares.  *Id.* at *1.  That priority rule

reflects Delaware's "first in time, first in line priority" principle. *Crystallex* Action Dkt. No. 963 at 5 (quoting *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 350 (Del. 2012)). Red Tree qualified to receive sale proceeds by filing a motion for an attachment in February 2022, having its attachment authorized in April 2022, and perfecting its attachment in 2024. *See Red Tree* Actions Dkt. Nos. 2, 15; *Crystallex* Action Dkt. No. 1088.

Creditors' ability to enforce against PDVSA's and PDVH's property is also limited by sanctions regulations administered by the Department of the Treasury's Office of Foreign Asset Control ("OFAC"). *See* 31 C.F.R. §§ 591.101 *et seq.* Under those regulations, creditors may not take any steps to transfer PDVSA or PDVH property interests without a license from OFAC. *See* 31 C.F.R. § 591.201; OFAC, "Venezuela-Related Sanctions," https://bit.ly/3zBLOI1. OFAC has issued a specific license authorizing issuance of writs of attachment in the *Crystallex* Action. *Crystallex* Action Dkt. No. 555 at 7-8. However, an additional license will be required for any final sale of the PDVH shares. *Id.* § II(a)*.*

## II.    GIRARD STREET'S CLAIM AND STRATEGY TO SIDESTEP THE *CRYSTALLEX* ACTION

In January 2021, Girard Street acquired a defaulted note from PDVSA. *Id.* ¶ 81. Nearly three years later – and more than five years after PDVSA defaulted – Girard Street filed suit against PDVSA. *Id.* ¶ 98. On March 8, 2024, the court entered a default judgment in Girard Street's favor. *Id.* ¶ 108. That same day, Girard Steet filed a statement in the *Crystallex* Action stating that, by obtaining a judgment against PDVSA, it had completed the first 2 of the 7 steps required to participate in the sale of the PDVH shares. *Crystallex* Action Dkt. No. 1038. However, because Girard Street did not complete steps 3 through 7 – and, in particular, has not received an order authorizing an attachment by January 2024 – it is not eligible to receive proceeds from the sale.

Two months after failing to participate in the *Crystallex* sale process, Girard Street commenced this action.  Compl.  Girard Street seeks (1) a declaratory judgment that PDVH is the alter ego of PDVSA and (2) a turnover of PDVH's shares in CITGO Holding.  Through this action, Girard Street seeks to bypass the *Crystallex* sale process of PDVSA's shares in its wholly owned subsidiary, PDVH, by instead executing against **PDVH's** shares in ***its*** wholly owned subsidiary, CITGO Holding.  Girard Street's complaint does not mention the *Crystallex* Action or explain how its turnover request is compatible with OFAC sanctions.

Girard Street is an investment vehicle of Gramercy Funds Management ("Gramercy").  Compl. ¶6.[1]  This action is Gramercy's third attempt this year to avoid the priority rules in the *Crystallex* Action.  In January, another Gramercy investment vehicle moved in the *Crystallex* Action to reconsider the court's priority rules.  *Crystallex* Action Dkt. No. 893.  In addition, on the same day Girard Street commenced this action, other Gramercy vehicles called "G&A Strategic Investments"[2] – which also obtained a default judgment from this Court – filed suit against PDVH in Texas state court.  *See G&A Strategic Investments I LLC v. Petroleos de Venezuela, S.A. et al.*, No. 2024-36664 (Tex. Dist. Ct.) (Ellis Decl. Ex. A); *see G&A Strategic Investments I LLC et al v. Petroleos de Venezuela, S.A. et al.*, No. 23-cv-10766 (JSR) (S.D.N.Y.).  Like this case, the Texas case seeks a declaratory judgment that PDVH is an alter ego of PDVSA.  Ellis Decl. Ex. A at 29.

---

[1] Girard Street's sole member is Gramercy Venezuela Opportunity Fund II, which in turn is a fund managed by Gramercy.  *See* Complaint ¶6; Gramercy Venezuela Opportunity Fund II Form D (Nov. 30, 2021) https://www.sec.gov/Archives/edgar/data/1831690/000090571821001551/xslFormDX01/primary_doc.xml.

[2] *See G&A Strategic Investments I LLC v. Petroleos de Venezuela S.A.*, No. 23-cv-10766, Dkt. No. 1-36, at 5, 10, 14, 20, 25, 29 (S.D.N.Y. Dec. 11, 2023) (assignments for the sole member of each of the G&A entities signed by the founder and chief investment officer of Gramercy); Dkt. No. 1-16 (letter for that same member signed by the same Gramercy officer).

## ARGUMENT

### I.    THE COURT SHOULD ALLOW RED TREE TO INTERVENE

The Court should allow Red Tree to intervene as a party in this case.  Red Tree satisfies the four factors for intervention as of right under Federal Rule of Civil Procedure 24(a). It also satisfies the standard for permissive intervention under Rule 24(b).

### A.    The Court Should Grant Intervention as of Right

Under Rule 24(a), the court must allow a party that claims an interest relating to the property at issue to intervene if disposing of the suit might impair the party's ability to protect that interest and no existing party adequately represents that interest.  Fed. R. Civ. P. 24(a)(2). Courts in the Second Circuit thus allow a party to intervene as of right if it:

> (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties.

*Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).  Red Tree satisfies each of these factors.

#### 1.    *Red Tree's Motion Is Timely*

Red Tree's motion is timely because it was brought promptly after Girard Street's turnover action and because Red Tree's timing will not prejudice any other parties.  *Olin Corp.*, 325 F.R.D. at 88 (a motion within a "few months" of filing is timely).  When assessing timeliness, courts consider four factors: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* (quoting *Pitney Bowes, Inc.*, 25 F.3d at 70). Under each of these factors, Red Tree's motion is timely.

First, Red Tree moved to intervene approximately six weeks after Girard Street commenced this case. Courts in this District routinely hold that intervention within a "few months" of commencement of a case is timely. *Olin Corp.*, 325 F.R.D. at 88 (citing cases).

Second, the timing of Red Tree's intervention will not prejudice the parties because the case is still at its earliest stages. PDVH has not yet responded to the complaint. No scheduling order has been entered, no discovery has been taken, and no motions have been filed. Red Tree's intervention will not disrupt any proceedings in this case. Moreover, Red Tree informed Girard Street of its plan to intervene four days after Girard Street filed its complaint.[3]

Third and fourth, denial of this motion would prejudice Red Tree given the parallel sale proceeding in Delaware. That proceeding is at a critical stage, with a winning bidder scheduled to be announced at the end of this month and a final sale hearing scheduled for September. Following the hearing, the PDVH share sale – which will be worth several billion dollars – will then need to close. Potential buyers will be aware of this case and its impact on the value of the PDVH shares. Intervention will allow Red Tree to represent the interests of creditors participating in the PDVH share sale during this critical period.

 2. *Red Tree Has an Interest Relating to the CITGO Holding Shares*

Red Tree has a cognizable interest in the property at issue here – the CITGO Holding shares – because of its attachment of the PDVH shares and its judgment against PDVSA. While the type of "interest" required for intervention "defies a simple definition," it must be "significantly protectable" and "direct, as opposed to remote or contingent." *Restor-A-Dent*

---

[3] In response to Red Tree's outreach, Girard Street represented that it did not intend to seek relief with respect to the *Crystallex* Action in this case. Ellis Decl. Ex. C. That narrow representation does not protect Red Tree's interests. Even if Girard Street does not directly try to block the *Crystallex* auction, its turnover attempt – or even the threat of such an attempt – will disrupt the *Crystallex* sale. *See* pp. _-_, *infra*.

*Dental Lab'ys, Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (quotation marks omitted).  Red Tree easily satisfies this standard.

Red Tree's attachment against the PDVH shares – the entity that holds the CITGO Holding shares which Girard Street seeks to turnover – gives Red Tree a sufficient interest in this case to intervene.  An attachment is a lien which grants a property interest with priority over other creditors.  *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 2022 WL 611563, at *8 (D. Del. Mar. 2, 2022) (explaining mechanics of attachment liens in the *Crystallex* Action).  Red Tree's property interest in the entity whose primary asset Girard Street seeks to seize is a textbook interest for intervention purposes.  *See, e.g.*, *In re Oceana Int'l, Inc.*, 49 F.R.D. 329, 332 (S.D.N.Y. 1969) ("[W]hen a party seeks to intervene in a proceeding which could ultimately vitiate its title and right to possess property which is the subject of that action, sufficient interest exists to intervene therein as of right.").

In any event, Red Tree's judgments against PDVSA alone are enough to intervene. Those judgments give Red Tree the same interest in this case as Girard Street, which is sufficient for intervention.  *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130-31 (2d Cir. 2001) (holding that a property interest is not required for intervention).  For example, in *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54 (S.D.N.Y. 2013), judgment creditors of Iran sought to intervene in a turnover action against Iranian funds held in an American bank.  *Id.* at 55-56.  The court granted intervention as of right because the intervenors' interests were "virtually identical" to the plaintiffs'.  *Id.* at 59.  Just like the intervenors in *Peterson*, Red Tree is entitled to intervene because its judgment against PDVSA gives it at least as much interest in the CITGO Holding shares as Girard Street.  *See also Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (judgment creditor had interest warranting intervention in action relating to judgment debtor's assets); *Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*, 658 F. Supp.

1205, 1209 (S.D.N.Y. 1987) (permitting judgment creditor of defendant's affiliate to intervene under alter-ego theory).

### 3.    *Red Tree's Interest Would Be Impaired Absent Intervention*

Any harm from Girard Street's complaint that will, as a "practical matter," impair Red Tree's interests justifies Red Tree's intervention. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Red Tree easily meets that standard, too. Girard Street seeks to force PDVH to turn over its primary asset, CITGO Holding, rendering Red Tree's attachment on the PDVH shares worthless. That alone will impair Red Tree's property interest in the PDVH shares. *Lawsky v. Condor Cap. Corp.*, 2014 WL 2109923, at *6 (S.D.N.Y. May 13, 2014) (action that would "decrease the value of [an intervenor's] security interest" posed sufficient risk of harm to warrant intervention); *see also Feeding BV v. Principle Sols., LLC*, 2015 WL 136402, at *2 (E.D. Wis. Jan 8, 2015) (similar). The harm to Red Tree is especially acute because CITGO is the primary asset available to PDVSA's creditors in this country. Statement of Interest, *Crystallex* Action Dkt. No. 212. If Girard Street's turnover bid succeeds, Red Tree may be unable to enforce its judgments in the United States.

*Second*, Girard Street's turnover action poses a serious risk of disrupting the *Crystallex* sale process. If Girard Street can take away the primary value underlying the PDVH shares, that will deter bidders from paying the highest price possible for those shares. Creditors such as Red Tree relying on the share sale to enforce their judgments will suffer as a result. That risk exists whether or not Girard Street's turnover bid succeeds before the sale closes. Even if Girard Street simply waits until after the closing of the sale to assert its purported turnover rights, the existence of this claim will cloud CITGO's title. Red Tree must intervene to assert defenses against Girard Street's turnover action and maintain confidence in the Delaware sale proceeding.

4.    *The Other Parties Will Not Adequately Represent Red Tree's Interests*

The burden of demonstrating inadequacy of representation is "minimal." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Red Tree meets this burden as well. PDVH, the defendant, is opposed to ***any*** creditor collecting on judgments against it or its parent companies. And Girard Street is a competing creditor that was too late to participate in the Delaware sale proceeding. Its interests lie in collecting on its judgments (to the detriment of other creditors), and if it cannot collect, in clouding the Delaware sale process to create leverage over the creditors and bidders in the *Crystallex* Action. Neither PDVH nor Girard Street share Red Tree's interests in collecting on its own judgment or ensuring that the PDVH share sale concludes successfully. The Court should allow Red Tree to intervene as of right to protect that interest.

**B.    The Court Should Grant Permissive Intervention**

If Red Tree cannot intervene as a matter of right under Rule 24(a), the Court should permit Red Tree to intervene in its discretion. A court may permit a party to intervene if it has a "claim or defense" with a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). However, the words "claim or defense" are "not read in a technical sense, but only require some interest on the part of the applicant." *Hum. Servs. Council of New York v. City of New York*, 2022 WL 4585815, at *4 (S.D.N.Y. Sept. 29, 2022). Courts consider the same factors for permissive intervention as for intervention as of right, but the factors are "liberally construed" for permissive intervention. *Olin Corp.*, 325 F.R.D. at 87. Courts also consider whether intervention will contribute to development of facts and legal questions presented. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978). Finally, the court must consider whether intervention would prejudice or delay the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Permissive intervention is appropriate because Red Tree's claims share questions of law and fact with Girard Street's, and because Red Tree would contribute to the development of facts and legal questions in this case. As a fellow judgment creditor of PDVSA, Red Tree's interest in this case and potential claims are "virtually identical" to Girard Street's. *Peterson*, 290 F.R.D. at 59. Red Tree's right to permissive intervention is also supported by New York state procedural law, which governs in this execution action, *see* Fed. R. Civ. P. 69(a)(1), and provides that the court "may permit any adverse claimant to intervene" in a turnover action, N.Y. C.P.L.R. § 5225.

Red Tree will also contribute to the development of facts and legal issues in this case because it is the only party aligned with creditors in the *Crystallex* Action. Unlike PDVSA and Girard Street, Red Tree is the only party that would have an interest in preventing this case from disrupting the PDVH share sale. *See* p. 9, *supra.* Red Tree will contribute to this case by representing the *Crystallex* creditors' interests.

## **CONCLUSION**

The Court should allow Red Tree to intervene in this action.

Dated:    July 24, 2024                          Respectfully submitted,

                                                  */s/ Justin M. Ellis*
                                                  Steven F. Molo
                                                  Justin M. Ellis
                                                  Mark W. Kelley
                                                  MOLOLAMKEN LLP
                                                  430 Park Avenue, 6th Floor
                                                  New York, NY  10022
                                                  Tel.: (212) 607-8170
                                                  smolo@mololamken.com
                                                  jellis@mololamken.com
                                                  mkelley@mololamken.com

                                                  *Counsel for Red Tree Investments, LLC*

10