UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIRARD STREET INVESTMENT HOLDINGS LLC,

       Plaintiff,

  v.

PDV HOLDING, INC.,

       Defendant.

Case No. 24-cv-04448-JSR

# PLAINTIFF GIRARD STREET INVESTMENT HOLDINGS LLC'S BRIEF IN OPPOSITION TO RED TREE INVESTMENTS, LLC'S MOTION TO INTERVENE

Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
Email: emarshak@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................ 1
STATEMENT OF FACTS ........................................................ 2
ARGUMENT ........................................................ 4
I. Red Tree Is Not Entitled to Intervene as of Right. ........................................................ 4
A. Red Tree Has No Cognizable Interest in the Action. ........................................................ 5
B. Red Tree's Purported Interest Is Not Impaired. ........................................................ 6
C. Red Tree's Interests Are Adequately Protected. ........................................................ 9
II. Red Tree May Not Permissively Intervene. ........................................................ 9
CONCLUSION ........................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001) ............................................................................................................9

*ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*,
  No. 16-cv-904 (D. Del.) .................................................................................................................3

*ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*,
  No. 17-cv-28 (D. Del.) ...................................................................................................................3

*Crown Fin. Corp. v. Winthrop Lawrence Corp.*,
  531 F.2d 76 (2d Cir. 1976) .............................................................................................................5

*Crystallex Int'l Corp. v. Bolivarian Repub. of Venezuela*,
  No. 17-mc-151-LPS (D. Del.) ................................................................................................ passim

*Doe v. State Univ. of New York Purchase Coll.*,
  617 F. Supp. 3d 195 (S.D.N.Y. 2022) ............................................................................................2

*Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*,
  289 F. Supp. 3d 582 (S.D.N.Y. 2018) ............................................................................................6

*Fireman's Fund Ins. Companies v. Meenan Oil Co.*,
  755 F. Supp. 547 (E.D.N.Y. 1991) ............................................................................................8, 9

*Gould v. Alleco, Inc.*,
  883 F.2d 281 (4th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1989) ...........................................6

*Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*,
  658 F. Supp. 1205 (S.D.N.Y. 1987) ...............................................................................................7

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
  No. 12 CIV. 5067 (JFK), 2018 WL 840081 (S.D.N.Y. Feb. 12, 2018) ..................................4, 9

*Katz v. Berisford Int'l PLC*,
  No. 96 CIV. 8695 (JGK), 2000 WL 1760965 (S.D.N.Y. Nov. 30, 2000) .................................7

*Lawsky v. Candor Cap. Corp.*,
  No. 14 Civ. 2863 (CM), 2014 WL 2109923 (S.D.N.Y. May 13, 2014) ...................................7

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n*,
  471 F.3d 377 (2d Cir. 2006) ......................................................................................................8, 9

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela et al.*,
  No. 19-cv-290 (D. Del.) ................................................................................................... 4

*Olin Corp. v. Lamorak Ins. Co.*,
  325 F.R.D. 85 (S.D.N.Y. 2018) ..................................................................................... 10

*In re Platinum & Palladium Commodities Litig.*,
  No. 10CV3617, 2014 WL 3500655 (S.D.N.Y. July 15, 2014) ........................................ 5

*Republic of the Philippines v. Abaya*,
  312 F.R.D. 119 (S.D.N.Y. 2015) ..................................................................................... 7

*Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prod., Inc.*,
  725 F.2d 871 (2d Cir. 1984) ........................................................................................... 6

*Rizzo v. Moseley*,
  913 N.Y.S.2d 905 (N.Y. Sup. Ct. 2010) ....................................................................... 10

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela et al.*,
  No. 18-cv-1458 (S.D. Tex.) ............................................................................................. 4

*Smart Mktg. Grp., Inc. v. Publications Int'l, Ltd.*,
  No. 04 C 0146, 2007 WL 9706470 (N.D. Ill. Mar. 14, 2007) ........................................ 7

*State Comm. of Independence v. Berman*,
  2003 WL 22801908 (S.D.N.Y. Nov. 21, 2003) ............................................................. 10

*United States v. City of New York*,
  198 F.3d 360, 365 (2d Cir. 1999) ................................................................................... 5

*United States v. Peoples Benefit Life Ins. Co.*,
  271 F.3d 411 (2d Cir. 2001) ........................................................................................... 5

*United States v. Pitney Bowes*,
  25 F.3d 66 (2d Cir. 1994) ......................................................................................... 4, 10

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
  922 F.2d 92 (2d Cir. 1990) ................................................................................... 6, 9, 10

**Other Authorities**

Fed. R. Civ. P. 24(a) ............................................................................................................. 1

Fed. R. Civ. P. 24(b) ........................................................................................................ 1, 2

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................. 10

N.Y. C.P.L.R. §§ 5225, 5239 .............................................................................................. 10

## **INTRODUCTION**

Red Tree's Motion to Intervene ("Motion") does not meet the standards for mandatory or permissive intervention under Fed. R. Civ. P. 24(a) and (b). Red Tree asserts two interests: (1) to protect the judicial sale of Petróleos de Venezuela S.A.'s ("PDVSA") shares of PDV Holding, Inc. ("PDVH") in Delaware and (2) to prevent the dilution of PDVH's share value. This action does not implicate either interest and thus the Motion should be denied.

First, nothing in this action will prevent or interfere with the judicial sale in *Crystallex Int'l Corp. v. Bolivarian Repub. of Venezuela*, No. 17-mc-151-LPS (D. Del.) ("*Crystallex*"). Red Tree concedes that Girard Street has not sought to interfere with the sale, yet argues a need to intervene here to **protect** the sale when its affiliate Contrarian Capital Management, LLC ("Contrarian")—which has significant holdings in the PDVSA 2020 bonds, *see* Declaration of Michael J. Baratz ("Baratz Declaration") ¶¶ 3–4 and Exs. A, B—in 2018 sought to intervene into *Crystallex* to **stop** the sale and is now seeking to obtain value separate from the sale as a 2020 bondholder, through an action against PDVSA to assert a lien on Citgo Holding, Inc. ("Citgo Holding"). Baratz Decl. ¶¶ 7–8 and Exs. C, H. The sale will proceed notwithstanding this action (or multiple other suits that seek similar relief against PDVH).

Second, the judicial sale in Delaware is of PDVSA's *shares* in PDVH. A stock purchaser assumes all liabilities, known or unknown. Because PDVH is the alter ego of PDVSA, the liability is included in the value of the stock regardless of the existence of this action. The bidders in Delaware are sophisticated and know the potential liabilities—thus, there is no dilution of value, particularly when the Special Master characterized the bids as competitive, strong, and actionable *weeks after this case was filed*. Revealingly, Red Tree, itself a judgment-creditor of PDVSA, does not seek to assert a claim against PDVH (to protect its judgment), but instead seeks only to thwart Girard Street's claim—demonstrating conclusively that Red Tree does not have a direct interest in

1

the outcome of this litigation but simply seeks to stop a competing creditor.

Red Tree fails to establish—or even allege—that PDVH is unable to protect adequately whatever interest Red Tree claims. After all, Red Tree's ultimate objective is the dismissal of this case—as evidenced by PDVH's consent to its motion to intervene—while PDVH is otherwise zealously litigating by seeking to dismiss and to stay this action.

For essentially the same reasons, Red Tree fails to establish a basis for permissive intervention: this litigation does not raise questions of fact or law common to claims or defenses that Red Tree would raise if permitted to intervene. Instead, Red Tree posits unrelated issues, such as the possible indirect effect on the *Crystallex* sale, despite the fact that the *Crystallex* Court has already indicated that claims against PDVSA's direct and indirect subsidiaries are irrelevant to the sale. Accordingly, the Motion should be denied.

## STATEMENT OF FACTS

Girard Street, Red Tree, and many others are competing creditors of PDVSA. Red Tree secured an attachment lien against PDVSA's shares in PDVH and joined the ongoing *Crystallex* proceedings in the District of Delaware. Opening Brief in Support of Motion to Intervene ("Brief") at 6[1], Dkt. 17. Red Tree now holds the sixth-priority position in the *Crystallex* priority waterfall, behind approximately $3.3 billion in other claims. *Crystallex* Dkt. 1102 at 7-8 (Final Priority Order)[2]; *id.* Dkts. 1136, 1140-1 at 5 (Revised Public Final Determination of Attached Judgments);

---

[1] Page numbers cited herein refer to the blue page numbers in the ECF header.

[2] The Court may take judicial notice of "document[s] filed in another court. . . to establish the fact of such litigation and related filings." *Doe v. State Univ. of New York Purchase Coll.*, 617 F. Supp. 3d 195, 201 n.3 (S.D.N.Y. 2022) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quotation marks omitted)).

Contrarian also has claims in the thirteenth position in *Crystallex*, behind approximately $7.5 billion in more senior claims. *Crystallex* Dkt. 1102 at 8; *id.* Dkts. 1136, 1140-1. Yet Contrarian ultimately made the tactical choice not to intervene, which appears to be an attempt to conceal its role (and Red Tree's contradictory affiliation with) the 2020 bondholders' recovery attempts.

Br. at 7. The market value of the PDVH shares, and thus the anticipated value of the sale, is between $7.3 billion and $9 billion, Baratz Decl. ¶ 6 and Exs. D, E, F. Red Tree is therefore likely to be fully satisfied from the proceeds of the sale, which is currently scheduled for October.

PDVSA owes Girard Street approximately $340 million on a defaulted promissory note. Compl. ¶ 2, Dkt. 1. Girard Street obtained a default judgment against PDVSA in this Court, *id.* ¶ 108, and, in the present litigation, seeks to enforce that judgment against PDVH, the alter ego of PDVSA, *id.* at 33 ("Prayer for Relief"). That outcome would only indirectly affect the interests of Red Tree (and many other creditors of PDVSA) by diminishing the value of PDVSA.

Red Tree's asserted basis for intervention here, despite its likely recovery in full from the *Crystellex* sale, is that Girard Street is trying to alter priority. Br. at 5. But the *Crystallex* Court has consistently made clear that its process "expressly contemplates a judgment creditor who 'wins the race to the courthouse steps,'" *Crystallex* Dkt. 963 at 6, and that creditors who "fail to collect on their judgments as part of the ongoing sale process . . . ***remain free to pursue other collection efforts***." *Id.* at 7 n.6 (emphasis added); *see Crystallex* Dkt. 481 at 25 ("For the avoidance of doubt, unless otherwise ordered by the Court, (i) the Additional Judgment Deadline ***does not impair or in any way limit any person's or entity's right to seek attachment to any proceeds*** following the consummation of the Sale Transaction. . . .") (emphasis added). Nor is Girard Street alone in pursuing other means of collecting its judgment: PDVSA, PDVH, and their subsidiaries are facing hundreds of active lawsuits, *see* Baratz Decl. ¶ 9 and Ex. G, including alter ego cases filed by creditors seeking to hold PDVH liable for billions of dollars of debts owed to them by Venezuela and/or its alter ego PDVSA[3] with respect to which Red Tree has never sought to intervene.

---

[3] *E.g.*, *ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*, No. 16-cv-904 (D. Del.); *ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*, No. 17-cv-

3

Red Tree does not seek to join this action and obtain its own attachment against Citgo Holding. Nor does Red Tree contend that it has a direct interest in PDVH's or Citgo Holdings' assets that is affected by the present litigation, only a competing claim against PDVSA and a lien on PDVSA's assets that is, at best, only indirectly affected by the litigation, as it would be by any adverse claim against PDVSA's direct and indirect subsidiaries by any of their hundreds of creditors. Red Tree moves to intervene because it opposes the ***very existence*** of this case and wants to stop it in its tracks. Red Tree's purported interests are not cognizable for purposes of intervention. Even if they were cognizable, the outcome of this case will not impair or impede Red Tree's ability to protect its claimed interests absent intervention, as such interests are already adequately protected. Accordingly, the Court should deny Red Tree's Motion.

## ARGUMENT

**I.    Red Tree Is Not Entitled to Intervene as of Right.**

Under Rule 24(a)(2), a motion to intervene must be denied unless (1) it is timely; (2) the asserted interest "relat[es] to the property or transaction that is the subject of the action"; (3) the movant "is so situated that without the intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest"; and (4) the asserted interest is "not adequately represented by other parties." *United States v. Pitney Bowes*, 25 F.3d 66, 70 (2d Cir. 1994). A motion to intervene that fails to meet "***any one*** of these [four] requirements" must be denied. *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12 CIV. 5067 (JFK), 2018 WL 840081, at *2 (S.D.N.Y. Feb. 12, 2018) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006)) (emphasis and alteration in original). Red Tree has failed

---

28 (D. Del.); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela et al.*, No. 18-cv-1458 (S.D. Tex.); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela et al.*, No. 19-cv-290 (D. Del.).

to meet its burden with respect to the second, third, and fourth requirements of Rule 24(a).[4]

### A.     Red Tree Has No Cognizable Interest in the Action.

"For an interest to be cognizable under Rule 24(a)(2), it must be direct, substantial, and legally protectable." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (internal quotation marks omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it comes colorable, will not satisfy" Rule 24(a)(2). *Id.*; *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992)) ("[I]ntervention . . . cannot be used as a means to inject collateral issues into an existing action."). Because Red Tree's purported interest is both remote from the subject matter of this case and contingent on the completion of a complicated sale, it has not met its burden under Rule 24(a)(2).

Where "[t]he subject of the action . . . [i]s the collection of a debt due to [the plaintiff] from [the defendant]," and "[t]he ***intervenor ha[s] no interest in the debt***," the motion to intervene should be denied. *Crown Fin. Corp. v. Winthrop Lawrence Corp.*, 531 F.2d 76, 77 (2d Cir. 1976) (per curiam) (emphasis added); *see also In re Platinum & Palladium Commodities Litig.*, No. 10CV3617, 2014 WL 3500655, at *6 (S.D.N.Y. July 15, 2014) ("An interest in assets that may satisfy a judgment but is not the subject of the litigation does not permit a movant to intervene as of right."). Here, Girard Street is pursuing "other collection efforts," *Crystallex* Dkt. 963 at 6 n.7—namely a declaration that PDVH is an alter ego of PDVSA, and the turnover of PDVH's assets (*i.e.*, its shares in Citgo Holding) into New York—to recover the debt it is owed by PDVSA. The subject matter of this action is Girard Street's collection of a debt, and Red Tree has no interest in the debt sufficient to justify intervention.

---

[4] Girard Street notes that Red Tree did not file its Motion for six weeks after contacting Girard Street regarding intervention, *see infra* n.7.

5

Red Tree's purported interest in the value of Citgo Holding's shares—premised exclusively on the completion of a complicated judicial sale that has been ongoing since early 2021—is also insufficient. A purported interest contingent on prospective rulings (*i.e.*, that PDVH is an alter ego of PDVSA *and* that Girard Street is entitled to a turnover order) "cannot be described as direct or substantial" under Rule 24(a)(2). *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see, e.g.*, *Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (rejecting intervention where proposed intervenor's right depended on a double-contingency); *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 593 (S.D.N.Y. 2018) (holding the "contingent nature of the Proposed Intervenors' interest" was underscored by reliance "on another court's prospective ruling").

Red Tree is simply a competing creditor seeking to interfere in the creditor's race. But taking Red Tree's position to its logical conclusion would open the floodgates: if PDVSA's creditors each had a cognizable "interest" in every potential liability of PDVH, then ***every*** *Crystallex* creditor could intervene in ***every*** lawsuit involving PDVH. Such an outcome would thwart the principles underlying Rule 24. *See Wash. Elec. Coop., Inc.*, 922 F.2d at 97 ("[Rule 24] is not intended to allow for the creation of whole new suits by intervenors."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1989) (affirming denial of intervention by potential judgment creditors because "***a stake in the outcome of any litigation involving the company . . . alone is insufficient to imbue them with the degree of 'interest' required for Rule 24(a) intervention***") (emphasis added).

### B.   Red Tree's Purported Interest Is Not Impaired.

Assuming *arguendo* that Red Tree has a protectable interest, its motion to intervene should still be denied because Red Tree's ability to protect its interests as a creditor of PDVSA will not be impaired. *First*, Red Tree's judgment lien is against specific property—PDVSA's shares of

*PDVH*.  Girard Street seeks a turnover order against specific, different property—PDVH's equity in *Citgo Holding*.  As such, this proceeding and the *Crystallex* sale involve different property.  This Court and the *Crystallex* court, respectively, will each be able to afford Girard Street and Red Tree relief, irrespective of the other proceeding.  Nothing here threatens Red Tree's judgment lien against PDVH, its priority in the *Crystallex* sale, or its ability to recover on its judgment against PDVSA.  Given its priority, Red Tree is practically assured of a recovery in the Delaware sale.[5]

*Second*, Red Tree speculates that this case may negatively impact the *Crystallex* sale.  Regardless of this action, however, the *Crystallex* sale will proceed.  *E.g.*, *Crystallex* Dkt. 1180 at 13 (noting the *Crystallex* Court is "compelled" to "proceed with implementing the Sale Procedures Order").  To the extent potential bidders account for the existence of this case in valuing PDVH's shares, such potential discount is already priced in[6]—the *Crystallex* Special Master has been in discussions with bidders since the June 11 final bid deadline and will select the successful bidder

---

[5] Red Tree's position is distinguishable from the intervenors in its cited cases.  *E.g.*, *Lawsky v. Candor Cap. Corp.*, No. 14 Civ. 2863 (CM), 2014 WL 2109923, at *6 (S.D.N.Y. May 13, 2014) (lenders had "a direct interest in ensuring that their first position liens on [the defendant's] property are respected"); *Republic of the Philippines v. Abaya*, 312 F.R.D. 119 (S.D.N.Y. 2015) (disposal "of the assets from the sale . . . in a manner that potentially deprives [intervenors] of the ability to satisfy a portion of the [judgment]" implicated an interest).  *Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*, 658 F. Supp. 1205 (S.D.N.Y. 1987) has been criticized by courts within and outside of the Second Circuit as an outlier example of intervention by a competing judgment creditor.  *See, e.g.*, *Katz v. Berisford Int'l PLC*, No. 96 CIV. 8695 (JGK), 2000 WL 1760965, at *5 (S.D.N.Y. Nov. 30, 2000)) ("[*Holborn*] allow[ed] a judgment creditor to intervene in a case involving a judgment against the parent company of the subsidiary against which the creditor had a judgment, [but] that decision was based on the court's finding that the judgment creditor had presented sufficient allegations and evidence of fraud establishing that the parent company should be liable for the debts of the subsidiary."); *see also Smart Mktg. Grp., Inc. v. Publications Int'l, Ltd.*, No. 04 C 0146, 2007 WL 9706470, at *5 (N.D. Ill. Mar. 14, 2007) ("As already explained, however, the cases cited in *Holborn* are distinguishable from the present case. To the extent that *Holborn* is premised on these cases, the decision's conclusion is unsound.").

[6] As with the 2020 bondholders litigation, *Petróleos De Venezuela S.A. et al. v. MUFG Union Bank, N.A. et al.*, No. 19-cv-10023-KPF (S.D.N.Y.), which Red Tree does not oppose because its affiliate is among the single greatest beneficiaries.  Baratz Decl. Ex. H.

on August 22, 2024, *Crystallex* Dkt. 1232, potentially at the appropriate time that this matter is decided—and any resulting diminution in value is not something Red Tree has the ability to prevent *only if* it is allowed to intervene. *See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 390 (2d Cir. 2006) (denying intervention where intervenor is not "so situated that *without intervention*, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest[.]'") (quoting *Pitney Bowes*, 25 F.3d at 70) (emphasis added).

*Finally*, the actual or threatened turnover of PDVH's shares in Citgo Holding will not, as Red Tree predicts, decrease the amount a prospective bidder is willing to spend. To the contrary, the *Crystallex* Special Master's representations from June 28, 2024—nearly a month before Red Tree filed its Motion[7]—that "multiple," "competitive," and strong bids were made, undoubtedly by highly sophisticated parties who knew that their purchase would include the entity's assets *and liabilities*—both known and unknown—at the time of the sale, belies Red Tree's prediction. "Where a corporation is acquired by the purchase of all of its outstanding stock, *the corporate entity remains intact* and retains its liabilities, despite the change of ownership." *Fireman's Fund Ins. Companies v. Meenan Oil Co.*, 755 F. Supp. 547, 553 (E.D.N.Y. 1991) (quoting *Dep't of Transp. v. PSC Resources, Inc.*, 419 A.2d 1151, 1154 (N.J. Super. 1980)) (emphasis in original).

To be sure, given that—as discussed above—other creditors have also filed alter ego cases seeking to hold PDVH liable for debts owed to them by Venezuela and/or its alter ego PDVSA,

---

[7] Red Tree's six-week intervention delay is at odds with its purported interest in "protecting" the PDVH share sale. On June 14, 2024, when Red Tree contacted counsel for Girard Street regarding intervention, the sale was scheduled to take place on July 15, 2024. *See* Ellis Decl., Ex. C; *Crystallex* Dkt. 643 at 11. On June 28, 2024, the Special Master requested adjournment of the sale "[g]iven the number of bids, as well as the strength of those bids." *Crystallex* Dkt. 1201 at 2. Red Tree did not file its Motion until July 24, 2024—*after* the date of the originally-scheduled sale and *after* the Special Master represented that the bids were strong and numerous. This lack of diligence is inconsistent with Red Tree's position that the "even the threat" of a turnover order "will disrupt the *Crystallex* sale." Br. at 10 n.3.

8

prospective buyers already know how to value these claims. The *Crystallex* sale will not negate PDVSA's history of operating PDVH as its alter ego—PDVH's new owner will acquire that liability. *Fireman's Fund*, 755 F. Supp. at 553 ("The process of acquisition simply does not sanitize the acquired corporation[.]"). As such, denying the Motion will not, "as a practical matter," *MasterCard*, 471 F.3d at 389, impair Red Tree's ability to protect its purported interest.

### C. Red Tree's Interests Are Adequately Protected.

Red Tree also has failed to meet its burden to establish—or even plead—facts showing its purported interests cannot be adequately protected by the existing parties. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (demanding "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective"). Like PDVH and PDVSA, which have filed motions to dismiss, to stay, and to vacate the underlying judgment, Red Tree's "ultimate objective" is to prevent this case from proceeding in its entirety or, at a minimum, to prevent the turnover of PDVH's assets. *Butler*, 250 F.3d 171. Red Tree's "interests in collecting on its own judgment," Br. at 13, relate to its motive, not its ultimate objective. *Wash. Elec.*, 922 F.2d at 98 (holding that a "putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action") (citation omitted); *see also Homeward Residential, Inc.*, 2018 WL 840081, at *5 ("That Movants would choose an alternative strategy in pursuing a recovery is not sufficient . . . [n]or is the argument that Movants and [a party] may have different reasons for litigating."). Red Tree has not asserted that it would take any actions that PDVH is not already undertaking.

## II. Red Tree May Not Permissively Intervene.

Permissive intervention requires a showing that the proposed intervenor "has a claim or defense that shares with the main action a common question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). Though courts generally refer to the same factors used to analyze intervention as of

9

right, *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018),[8] "[t]he principal guide" in analyzing permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Pitney Bowes, Inc.*, 25 F.3d at 73 (quoting Fed. R. Civ. P. 24(b)(3)).  Red Tree offers no persuasive reason why this Court should exercise its discretion to permit intervention in the alternative.  *See State Comm. of Independence v. Berman*, 2003 WL 22801908, at *1 (S.D.N.Y. Nov. 21, 2003).

Red Tree fails to show that this litigation raises questions of law or fact common to claims or defenses it would raise if permitted to intervene.  Rather, Red Tree advances unrelated, collateral issues—such as the possible indirect effect of this litigation on the *Crystallex* sale, notwithstanding that the *Crystallex* court has already indicated that claims against PDVSA's direct and indirect subsidiaries are irrelevant to the *Crystallex* sale.  Likewise, by insisting that it must be "allow[ed] . . . to represent" the unspecified interests of an unidentified number of unnamed creditors participating in the *Crystallex* sale, Br. at 10, 14, permitting Red Tree to intervene based on these collateral issues would "radically alter" the scope of this proceeding at Girard Street's expense.  *Wash. Elec. Coop., Inc.*, 922 F.2d at 97 (denying intervention that would "transform[]" the two-party dispute into "one in which the original plaintiff is joined by another purporting to represent six other signatories to the contract").  Despite Red Tree's insistence to the contrary, permitting intervention under these circumstances would thwart the purpose of Rule 24(b).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Red Tree's Motion to Intervene.

---

[8] Although New York law codifies the right of "any interested person," including an "adverse claimant," to seek intervention, *see* N.Y. C.P.L.R. §§ 5225, 5239, federal and state courts in New York consult substantially the same factors in determining whether intervention is warranted.  *See Rizzo v. Moseley*, 913 N.Y.S.2d 905, 907 (N.Y. Sup. Ct. 2010).

Dated: August 7, 2024                                   Respectfully submitted,


By:   /s/ *Evan Glassman*
    Evan Glassman
    STEPTOE LLP
    1114 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 506-3900
    Fax: (212) 506-3950
    E-mail: eglassman@steptoe.com

    Michael J. Baratz (*pro hac vice*)
    Emma Marshak (*pro hac vice*)
    STEPTOE LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036
    Tel: (202) 429-6468
    Fax: (202) 429-3902
    E-mail: mbaratz@steptoe.com
    Email: emarshak@steptoe.com

    *Counsel for Plaintiff*
    *Girard Street Investment Holdings LLC*