**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC, <br><br>                Plaintiff, <br><br>v. <br><br>PDV HOLDING, INC., <br><br>                Defendant. | Case No. 1:24-cv-04448-JSR <br><br> (Consolidated for pretrial purposes with Case No. 1:23-cv-10772-JSR and No. 1:23-cv-10766-JSR) |

**NONPARTIES CITGO HOLDING, INC., CITGO PETROLEUM CORPORATION, PDV USA, INC., AND PDV CHALMETTE, L.L.C.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENAS</u>**

## TABLE OF CONTENTS

Introduction ............................................................................................................................. 1

Background ........................................................................................................................... 1

Argument ............................................................................................................................... 3

Conclusion ............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**

*Athalonz, LLC v. Under Armour, Inc.*,
  No. 24 MISC. 0047 (DEH), 2024 WL 1555685 (S.D.N.Y. Apr. 10, 2024) ............................. 3, 4

*Carlyle, LLC v. Beekman Garage LLC*,
  157 A.D.3d 509, 67 N.Y.S.3d 622 (N.Y. 1st Dept. 2018) ............................................................ 5

*Costomar Shipping Co. v. Kim-Sail, Ltd.*,
  No. 95-cv-3349, 1995 WL 736907 (S.D.N.Y. Dec. 12, 1995) ..................................................... 5

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  No. 1:17-mc-151 (D. Del.) ............................................................................................................ 1

*Fishon v. Peloton Interactive, Inc.*,
  336 F.R.D. 67 (S.D.N.Y. 2020) .................................................................................................... 4

*In re HH Liquidation, LLC*,
  590 B.R. 211 (Bankr. D. Del. 2018) ............................................................................................. 4

*In re Novartis and Par Antitrust Litig*,
  No. 18 Civ 4361 (AKH), No. 2020 WL 3317203 (S.D.N.Y. June 18, 2020) ............................... 5

*In re The Heritage Org., L.L.C.*,
  413 B.R. 438 (Bankr. N.D. Tex. 2009) ......................................................................................... 3

*Magnaleasing, Inc. v. Staten Island Mall*,
  76 F.R.D. 559 (S.D.N.Y. 1977) .................................................................................................... 5

*Mulcahy v. Ashford Castle, Inc.*,
  No. 92-cv-4400, 1995 WL 360165 (S.D.N.Y. June 14, 1995) ..................................................... 4

*Mwani v. Al Qaeda*,
  No. 99-CV-125 (GMH), 2021 WL 5800737 (D.D.C. Dec. 7, 2021) ............................................ 4

*Parallel Iron LLC v. NetApp, Inc.*,
  84 F. Supp. 3d 352 (D. Del. 2015) ................................................................................................ 4

*Preble-Rish Haiti, S.A. v. Republic of Haiti*,
  558 F. Supp. 3d 155 (S.D.N.Y. 2021) .......................................................................................... 5

*Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.*,
  206 F.R.D. 367 (S.D.N.Y. 2002) .................................................................................................. 4

*Spruce Interiors, LLC v. BH 25 Pierrepont LLC*, 1
  26 N.Y.S.3d 849 (Table), 2020 WL 2044447 (N.Y. Sup. Ct. Apr. 6, 2020) ................................ 5

*Weihai Lianqiao Int'l Coop Group Co., Ltd. v. A Base IX Co. LLC*,
  No. 21 CIV. 10753 (DEH), 2024 WL 3498850 (S.D.N.Y. July 22, 2024) ................................... 3

**Rules**

Fed. R. Civ. P. 26 .................................................................................................. 1, 4
Fed. R. Civ. P. 34 ............................................................................................... 1, 2, 4
Fed. R. Civ. P. 45 .................................................................................................. 1, 4, 5
Fed. R. Civ. P. 69 ............................................................................................. 1, 2, 4, 5
N.Y. CPLR 5225 ...................................................................................................... 1

**Introduction**.  Nonparty Respondents CITGO Holding, Inc. ("CITGO Holding"), CITGO Petroleum Corporation ("CITGO"), PDV USA, Inc. ("PDV USA"), and PDV Chalmette, L.L.C. ("PDV Chalmette") (collectively, "Respondents") respectfully move under Fed. R. Civ. P. 26, 34, 45, and 69 to quash the subpoenas issued to them by plaintiff Girard Street Investment Holdings, LLC ("Girard Street") and for a protective order. *First*, the subpoenas are an inappropriate, overly burdensome fishing expedition. Respondents are not defendants, and their business practices are not relevant to the claim that Girard Street can enforce its anticipated, possible breach of contract judgment against Defendant PDV Holding, Inc. ("PDVH") on the theory that PDVH is the alter ego of Petróleos de Venezuela, S.A. ("PDVSA"). The extraordinary volume and breadth of the requested information—the subpoenas include up to 80 document requests that call for potentially millions of documents—also threaten to derail the Court's schedule.[1] *Second*, to the extent that the subpoenas request information about the PDVSA-PDVH relationship, that information can be obtained directly from PDVH through the Rule 34 requests that Plaintiff has already served. *Third*, the subpoenas are a premature attempt to enforce a judgment, including against parties Plaintiff has not sued, because they seek discovery about the ability of not only PDVH but also *Respondents* to satisfy a judgment against PDVSA on the underlying claim. Rule 69 judgment enforcement discovery is premature and inappropriate at this stage. The subpoenas should therefore be quashed in their entirety. In the alternative, Respondents request a stay pending resolution of PDVH's motion to dismiss or the entry of an enforceable judgment.

**Background**.  Plaintiff sued PDVSA and PDVSA Petróleo S.A. ("Petróleo") on a promissory note (the "Note") (the "Note Action" or "No. 10772"), and, after obtaining a now-vacated default judgment against those parties, filed a separate suit to enforce the judgments against PDVH as an alleged alter ego of PDVSA (the "Enforcement Action" or "No. 4448"). PDVSA is the national oil company of Venezuela, a foreign state. ¶ 9.[2] PDVH is PDVSA's wholly owned American subsidiary. ¶ 11. It is the sole owner of nonparty CITGO Holding, which is the sole owner of nonparty CITGO, a major U.S. oil refiner. ¶ 3. Nonparties PDV USA and PDV Chalmette are also direct PDVH subsidiaries. ¶¶ 98, 103. The American entities are all Delaware corporations. The CAC does not allege that any of the five American entities had anything to do with the Note. The alter ego claims (Count III, for declaratory relief, and Count IV for a turnover pursuant to N.Y. CPLR 5225(b) and Fed. R. Civ. P. 69) are directed only to PDVH, not to the other entities.

After entry of the default judgments and before these cases were consolidated, Girard Street served post-judgment subpoenas on PDVH, CITGO Holding, and CITGO in the Note Action (No. 4448) to discover assets available to satisfy its default judgment against PDVSA. Girard Street subsequently made clear that this was the discovery's purpose. *See, e.g.*, ECF No. 52 at 7 (No. 10772) ("The Discovery Requests seek documents and information that are unquestionably relevant *to the enforcement of Girard Street's judgment* against PDVSA and are therefore discoverable

---

[1] Plaintiff has compounded the problem by serving (or intending to serve) more than 30 additional subpoenas to PDVSA's creditors, independent financial institutions, and individual executives. PDVSA has been the subject of judgment enforcement actions by creditors of PDVSA and Venezuela for years in the District of Delaware. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151 (D. Del.) ("*Crystallex*"). Over 18 creditors, relying on PDVH's separate corporate structure, seek to satisfy nearly $22 billion in judgments by attaching the shares of PDVH, whose primary value derives from its indirect ownership of CITGO.

[2] The allegations of the Consolidated Amended Complaint ("CAC"), ECF No. 47 (No. 4448), are cited by paragraph ("¶ ___").

under Rule 69.") (emphasis added). Girard Street also served discovery "relevant to an alter ego claim," which it made clear was *also* for purposes of judgment enforcement. *Id*. at 8 ("This information is highly material to Girard Street's effort to pierce the veil *in order to collect its judgment*, and is therefore an appropriate object of discovery under Rule 69.") (emphasis added). PDVH (a nonparty to the Note Action), CITGO Holding, and CITGO cross-moved to quash the subpoenas as premature, overly broad, seeking irrelevant information, and on other grounds. *See* ECF No. 56 (No. 10772). On September 11, the Court vacated the default judgment and denied the cross-motions on discovery as moot. ECF No. 59 (No. 10772).

After the cases were consolidated and Girard Street filed the CAC, PDVH moved to dismiss under Rule 12(b)(6) on the ground that Girard Street failed to state a claim for veil-piercing. ECF No. 51; *see also* ECF No. 59 (Girard Street's response); ECF No. 61 (PDVH's reply). The Court's case management plan leaves the parties about five months before trial: it directs the parties to complete both fact and expert discovery by January 24, 2025, and dispositive motions by February 28, 2025, with a final pretrial conference scheduled for March 10, 2025. ECF No. 49 at 3–4.

Despite the expeditious schedule, Girard Street has served (or signaled its intent to serve) nearly forty subpoenas to several groups of entities, including the four Respondents. The subpoenas to Respondents include 80 document production requests to CITGO Holding (Ex. 1), 79 to CITGO (Ex. 2), 38 to PDV USA (Ex. 3), and 28 to PDV Chalmette (Ex. 4). Most of these are substantively identical or overlapping. Though some of the requests arguably relate to whether PDVH and PDVSA are alter egos, Girard Street has already issued a Rule 34 request to PDVH (Ex. 5) consisting of 90 requests seeking the same information and more. But most of the requests do not relate even to that. Instead, they seek documents related to Respondents' *own* businesses and assets.

Though Plaintiff offered to modify the subpoenas by narrowing or withdrawing certain requests in subsequent meet-and-confer sessions (Ex. 6), the modifications did not resolve Respondents' objections that the discovery remained a fishing expedition; that it was overly broad and unduly burdensome; and that it entailed premature post-judgment discovery. Using the *modified* CITGO Holding subpoena (Exs. 1, 6) as an example, the subpoena seeks documents related to, for example, CITGO Holding's *own*: corporate structure, including from 2010 to the present (RFP Nos. 4, 5); state registrations and taxes (RFP Nos. 7, 10, 17); finances, assets, revenues, debts, and payments received (RFP Nos. 1–3, 6, 9, 21, 25, 26, 32, 36, 60, 62, 70); individual business, operations, and internal structure, including board actions on any subject whatsoever (RFP Nos. 11–16, 30, 41, 47, 48, 52, 57, 80); payments to upstream entities or other affiliates (RFP Nos. 28, 29, 54, 55); transfers or holdings "for the ultimate benefit of PDVSA and/or Venezuela," whatever that means (*see, e.g.*, RFP No. 31; *see also* RFP Nos. 19, 22–24, 27, 31, 35, 45, 53, 56, 58, 76); and dealings with or documents connected to PDVSA or Venezuela's *other* creditors (RFP Nos. 33, 34, 37, 72). It also seeks documents related to matters outside the PDVSA-PDVH relationship such as the affairs of Venezuela and its government, and their involvement in CITGO and CITGO Holdings' affairs (RFP Nos. 38, 39, 40, 42–44, 46, 48–51, 79); disputes involving PDV USA and PDV Chalmette (RFP Nos. 77, 78); PDVH's 2016 pledges of equity in CITGO Holding (RFP Nos. 59, 63, 65, 76); and documents related to the *Crystallex* case, including dealings with the Special Master (RFP Nos. 74, 75).

Girard Street has also issued or signaled its intent to issue more than 30 other subpoenas to three other sets of respondents. Girard Street served seventeen subpoenas on *Crystallex* creditors

or related entities.[3] Each one consists of 22–23 document requests effectively seeking attorney work product regarding possible alter ego claims against PDVSA, not PDVH, and information about PDVSA or Venezuela's debts to those creditors. The subpoena to Crystallex International Corporation is attached as an example (Ex. 7). Girard Street also served nine subpoenas to third-party financial institutions.[4] These seek the financial information not just of PDVSA, but also of PDVH, CITGO Holding, and CITGO, including potential work product and privileged information of PDVH and CITGO. The subpoena to JP Morgan Chase Bank, N.A. is attached as an example. (Ex. 8.) Finally, Girard Street indicated that it would serve subpoenas on one current and six former executives of PDVSA, PDVH, or CITGO. So far it does not appear the subpoenas have issued. It is reasonable to assume that given the number of subpoenas, substantial motion practice will ensue.

**Argument**. The subpoenas should be quashed, or in the alternative stayed, on several grounds. *First*, the subpoenas are an overly broad, unduly burdensome fishing expedition that threatens to derail the orderly progress of this case. The subpoenas to the four nonparty Respondents demand the production of information that, if responded to in full, could result in the production of potentially millions of documents and would make compliance with the Court's case management plan nearly impossible. There is no basis for such broad and disruptive discovery here. *Weihai Lianqiao Int'l Coop Group Co., Ltd. v. A Base IX Co. LLC*, No. 21 CIV. 10753 (DEH), 2024 WL 3498850, at *1 (S.D.N.Y. July 22, 2024) ("The party seeking discovery [from a nonparty under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case.") (citation and internal quotation marks omitted). "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Id*. (citation and internal quotation marks omitted). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Athalonz, LLC v. Under Armour, Inc.*, No. 24 MISC. 0047 (DEH), 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024) (citation and internal quotation marks omitted).

Though the CAC asserts that PDVH is the alter ego of PDVSA, the subpoenas venture far beyond the outer boundaries of even that relationship. The four Respondents are wholly owned subsidiaries of PDVH with their own separate corporate existence. Girard Street has nowhere made a claim against them, sought to pierce their corporate veils, alleged a basis for doing so, or suggested that PDVSA's assets were hidden with or transferred to those entities. An alter ego claim against PDVH cannot be extended to PDVH's subsidiaries merely by virtue of their status as such. Girard Street is required to pierce the veil at each rung of the corporate ladder; guilt by association among affiliates does not suffice. *In re The Heritage Org., L.L.C.*, 413 B.R. 438, 514 (Bankr. N.D. Tex. 2009) ("[T]he Delaware [alter ego] test must be applied to, and satisfied at, each level or layer

---

[3] These are: Boston Patriot Summer St LLC, ConocoPhillips Company, Contrarian Capital Fund I, L.P., Contrarian Capital Management, L.L.C., Contrarian Capital Senior Secured, L.P., Contrarian EM II, Contrarian Emerging Markets, L.P., Contrarian Funds, L.L.C., Crystallex International Corporation, Gold Reserve, Inc., Huntington Ingalls Industries, Inc., Huntington Ingalls, Inc., LP, Northrop Grumman Ship Systems, Inc., Polonius Holdings, LLC, Phillips Petroleum Company Venezuela Limited, Red Tree Investments, LLC, and Siemens Energy, Inc.

[4] These are: Ashmore, Ashmore Investment Advisors (US) Corp., Blackrock, Inc., Citibank, N.A., Credit Suisse Securities (USA) LLC, D.F. King & Co., Inc., Equities Investment Management (US) LLC, JPMorgan Chase Bank, N.A., and Lazard, Inc.

of ownership applicable within the multi-faceted entity structure."); *accord In re HH Liquidation, LLC*, 590 B.R. 211, 273 (Bankr. D. Del. 2018).

Respondents' nonparty status obliged Girard Street to avoid imposing such burdens. Fed. R. Civ. P. 45 (d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."); *id.* 45(d)(3)(A)(iv) (subpoena must be quashed where it "subjects a person to undue burden"); *see also Athalonz*, 2024 WL 1555685, at *3 ("[C]ourts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome.") (citation and internal quotation marks omitted). Girard Street cannot meet that requirement when it seeks to discover such broad but irrelevant matters as, for example (from the subpoena to CITGO, even as proposed to be modified), *all* of CITGO's: "Documents concerning Your corporate structure from January 31, 2010 to present" (RFP No. 4); "corporate financial statements, including balance sheets, statements of cash flows, profit and loss statements, statutory accounts statements, and/or income statements." (RFP No. 6); "Documents sufficient to show (i) the date of every scheduled meeting of Your managers and/or board of directors from 2010 to present, (ii) the date the meeting was held, and (iii) for each scheduled meeting that was not held, (a) the date the meeting was canceled, and (b) the reason for the cancelation." (RFP No. 14); "Documents and Communications concerning any actual or potential transfer, dissipation, encumbrance, and/or pledge of Your Assets, including Documents sufficient to identify the fair value received" (RFP No. 21); or "Documents and Communications sufficient to identify Your understanding, assessment, and/or analysis of the value of You, PDVH, and/or Citgo Holding during the Relevant Period" (RFP No. 32). Exs. 2, 6. These kinds of requests do not bear on the Note or the PDVSA-PDVH relationship.

*Second*, to the extent that the subpoenas can be deemed to seek information about the PDVSA-PDVH relationship, they are unnecessary because both PDSVA and PDVH are parties before the Court. Plaintiff is already seeking the same discovery from PDVH through Rule 34 document requests, and "[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34, which governs discovery between parties, rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Athalonz*, 2024 WL 1555685, at *2 (cleaned up) (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020)). Plaintiff has identified no information requested in the subpoenas that it has not already requested from PDVH, even as to Respondents. Discovery should be unnecessary in any event because the alter ego claim as to the PDVSA-PDVH relationship fails as a matter of law for the reasons set forth in PDVH's motion to dismiss. ECF Nos. 50, 51 (No. 4448). In the alternative to quashing the subpoenas, this at least warrants a stay of discovery because if granted, the motion would resolve the entire case against PDVH. *Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (noting that under Rule 26(c), the court has discretion to stay discovery "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay").

*Third*, the subpoenas are premature and unduly burdensome in that they are in aid of Rule 69 post-judgment enforcement before there is even a judgment against either PDVSA or PDVH. *See, e.g., Mulcahy v. Ashford Castle, Inc.*, No. 92-cv-4400, 1995 WL 360165 (S.D.N.Y. June 14, 1995) (discovery about a defendant's "ability to pay a judgment … is a subject that should ordinarily not be addressed until plaintiff obtains a judgment"); *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 362 (D. Del. 2015) ("ordering discovery before judgment has been entered would render Rule 69(a)(2) superfluous"); *Mwani v. Al Qaeda*, No. 99-CV-125 (GMH), 2021 WL 5800737, at *12 (D.D.C. Dec. 7, 2021) ("It is axiomatic… that a person cannot be a judgment

4

creditor without [there] being a judgment.") (cleaned up) (citations omitted). Quashing the discovery is an appropriate remedy. *Preble-Rish Haiti, S.A. v. Republic of Haiti*, 558 F. Supp. 3d 155, 161 (S.D.N.Y. 2021) (granting motion to quash subpoena to nonparty and for protective order because the court vacated the attachment order). The subpoenas unquestionably seek information in aid of enforcement: that is apparent from their face, but the requested discovery is virtually identical to that which Girard Street served before, which it conceded was "relevant to the enforcement of [its] judgment against PDVSA" and to its "effort to pierce the veil in order to collect its judgment" under Rule 69. ECF No. 52 (No. 10772) at 7–8. The subpoenas themselves bear only one case number: No. 1:24-cv-04448, the number of the Enforcement Action.

Rule 69 discovery is premature when there is no judgment, but the subpoenas would be overbroad even if there *were* a judgment. Under "Rule 69(a) and existing case law, the general rule is that non-party discovery is limited to a search for the *defendant's* hidden assets." *Costomar Shipping Co. v. Kim-Sail, Ltd.*, No. 95-cv-3349, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (emphasis added) (citing *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561–62 (S.D.N.Y. 1977)). Most of the requests instead concern *Respondents'* business, finances, and assets. That is improper. *See, e.g.*, *Carlyle, LLC v. Beekman Garage LLC*, 157 A.D.3d 509, 510, 67 N.Y.S.3d 622, 623 (N.Y. 1st Dept. 2018) ("plaintiff's postjudgment disclosure demands were overly broad" where "plaintiff improperly sought information related to the assets and operations of the non-judgment-debtors it subpoenaed"); *Spruce Interiors, LLC v. BH 25 Pierrepont LLC*, 126 N.Y.S.3d 849 (Table), 2020 WL 2044447, at *1 (N.Y. Sup. Ct. Apr. 6, 2020) ("[A] post-judgment enforcement subpoena may seek only information related to the judgment debtor's assets, and may not subpoena nonparties' financial information merely because those nonparties are closely tied or related to the judgment debtor."). Furthermore, absent a sufficient factual basis (or even allegations) supporting veil piercing against the four Respondents, New York law does not support post-judgment discovery against those entities. *Costomar Shipping Co.*, 1995 WL 736907, at *3 ("[T]he mere allegation of an alter ego relationship is insufficient; it must be supported by facts showing the basis for the assertion.").[5]

*Finally*, to preserve their rights and avoid doubt, Respondents raised further objections to the subpoenas in specific responses and objections that were served on Plaintiff. However, if the discovery is permitted, then the cost of locating and producing such documents or information should be shifted to Girard Street. *See* Fed. R. Civ. P. 45(d); *In re Novartis and Par Antitrust Litig*, No. 18 Civ 4361 (AKH), No. 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020) ("Courts in this district have found cost-shifting particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties.") (internal quotations omitted).

**Conclusion**. Respondents respectfully request an order that (1) quashes Girard Street's subpoenas to CITGO Holding, CITGO, PDV USA, and PDV Chalmette, or otherwise protects those nonparties from responding to the subpoenas; (2) in the alternative, stays discovery until resolution of PDVH's motion to dismiss or until a judgment, if any, is entered, whichever is later; (3) in the alternative, if the discovery is permitted, renders Plaintiff liable for the costs of location and production; and (4) provides such other relief as the Court deems proper.

---

[5] A search for "hidden assets" under an alter ego theory is irrelevant here anyway, by Plaintiff's own concession: the premise of the Enforcement Action is that PDVSA transferred assets *out* of PDVH, not into it. *See, e.g.*, ¶ 65 ("all of PDVH's profits are directed by PDVSA *away* from PDVH and to PDVSA") (emphasis added).

Dated: November 12, 2024                     Respectfully submitted,

                                             By: /s/ *Nathan P. Eimer*
                                             Nathan P. Eimer (#1976067)
                                             neimer@eimerstahl.com
                                             EIMER STAHL LLP
                                             224 South Michigan Avenue, Suite 1100
                                             Chicago, IL 60604
                                             Telephone: (312) 660-7600
                                             Fax: (312) 692-1718

                                             *Counsel for Non-Parties*
                                             *CITGO Holding, Inc.;*
                                             *CITGO Petroleum Corporation;*
                                             *PDV USA, Inc.; and PDV Chalmette, L.L.C.*