UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC<br><br>      Claimant,<br><br>    v.<br><br>PDV HOLDING, INC.<br><br>      Respondent. | Case No. 24-cv-4448-JSR<br><br>(Consolidated for pretrial purposes with Case No. 1:23-cv-10772-JSR and No. 1:23-cv-10766-JSR) |

**NONPARTY HUNTINGTON INGALLS INCORPORATED'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

   I.   HII's Judgment And The Delaware Sale Proceedings ........................................... 2

   II.   Girard Street's Attempt To Undermine The Established Priority of Creditors ....... 4

   III.   ConocoPhillips' Declaratory Judgment Action In Delaware .................................. 5

   IV.   New Developments Demonstrate The Deleterious Impact of Girard Street's Action ..... 5

      A.   Girard Street's Alter Ego Claim Has Upended The Sale Process In Delaware ........... 6

      B.   Girard Street's Abusive Discovery Tactics Effectively Concede The Connection Between This Action And The Delaware Proceedings ........................................... 8

ARGUMENT .......................................................................................................................... 8

   I.   HII Should Be Granted Intervention As Of Right Under Rule 24(a) .................... 9

      A.   HII's Motion Is Timely ........................................................................................ 9

      B.   HII Has a Protectable Interest That Is Not Adequately Represented By The Parties   10

      C.   HII's Interest Would Be Harmed Absent Intervention .......................................... 11

   II.   Alternatively, HII Should Be Permitted To Intervene Under Rule 24(b) ............ 12

CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC et al.*,
　No. 1:24-cv-01140 (D. Del.) .................................................................................. 5, 8, 10, 13

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
　No. 1:17-mc-151 (D. Del.) ........................................................................................................ 3

*Degrafinreid v. Ricks*,
　417 F. Supp. 2d 403 (S.D.N.Y. 2006) .................................................................................... 12

*Floyd v. City of New York*,
　770 F.3d 1051 (2d Cir. 2014) .................................................................................................. 9

*Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*,
　No. 4:24-cv-02981 (S.D. Tex.) ................................................................................................ 1

*Morg. Lenders Network, Inc. v. Rosenblum*,
　218 F.R.D. 381 (E.D.N.Y. 2003) ............................................................................................. 9

*OI European Group B.V. v. Bolivarian Republic of Venezuela*,
　73 F. 4th 157 (3d Cir. 2023) .................................................................................................... 3

*Olin Corp. v. Lamorak Ins. Co.*,
　325 F.R.D. 85 (S.D.N.Y. 2018) ............................................................................................. 12

*Republic of the Phil. v. Abaya*,
　312 F.R.D. 119 (S.D.N.Y. 2015) ........................................................................................... 10

*United States v. Hooker Chems. & Plastics Corp.*,
　749 F.2d 968 (2d Cir. 1984) .................................................................................................... 9

*United States v. Pitney Bowes, Inc.*,
　25 F.3d 66 (2d Cir. 1994) .................................................................................................. 9, 12

*United States v. Yonkers Bd. of Educ.*,
　801 F.2d 593 (2d Cir. 1986) .................................................................................................... 9

**RULES**

Federal Rule of Civil Procedure 24 ............................................................................... 8, 9, 10, 12

Federal Rule of Civil Procedure Rule 45 ................................................................................. 2, 8

**STATUTES**

8 Del. C. § 169 ...................................................................................................................................4

28 U.S.C. § 1404................................................................................................................................8

**INTRODUCTION**

Nonparty Huntington Ingalls Incorporated ("HII")[1] is a judgment creditor of the Bolivarian Republic of Venezuela ("Venezuela") and Petróleos de Venezuela, S.A. ("PDVSA"). As this Court is aware, following a series of attachments of PDVSA's shares in PDV Holding, Inc. ("PDVH"), an auction has been established in Delaware to recover some quantum of the amounts owed by Venezuela and PDVSA to HII and other similarly situated judgment creditors. Plaintiff Girard Street attempted to participate in the auction as a judgment creditor but was unable to do so because it did not complete the steps required for participation in the auction within the time required by the Delaware Court. It then commenced the instant action.[2]

The purpose of this motion to intervene is to allow HII to request that this action be transferred to Delaware so that it can be resolved by Judge Stark, who is currently presiding over

---

[1] Northrop Grumman Ship Systems, Inc. is the entity that originally obtained an award against the Bolivarian Republic of Venezuela. Northrop Grumman Ship Systems, Inc., by merger, is now Huntington Ingalls Incorporated.

[2] This action is but one of three proceedings filed by Girard Street's affiliates, all of whom participated in the Delaware proceedings before filing similar alter ego actions in other fora. On the same date Girard Street commenced the instant action, its affiliate G&A Strategic Investments ("G&A") filed an action against PDVH in state court in Harris County, Texas seeking similar relief to that sought by Girard Street here. *See G&A Strategic Invs. I LLC v. PDV Holding, Inc.*, 2024-36664, Dkt. No. 1 (D. Ct. Tex. June 10, 2024). That action was removed to the U.S. District Court for the Southern District of Texas (No. 4:24-cv-02774), where it was stayed pending resolution of G&A's suit against PDVSA before this Court (No. 23-cv-10766-JSR (S.D.N.Y.)). G&A recently filed a motion requesting the Texas court to lift the stay and transfer the action to this Court. No. 4:24-cv-02774, Dkt. No. 58 (S.D. Tex. Dec. 4, 2024).

Girard Street's parent entity, Gramercy Distressed Opportunity Fund LLC ("Gramercy"), also participated in the Delaware proceedings and obtained a perfected writ of attachment on the PDVH shares. Dissatisfied with its sixteenth position in the priority of judgment creditors, Gramercy filed a near-identical alter ego action against PDVH in Harris County, Texas. *See Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*, 2024-47814, Dkt. No. 1 (D. Ct. Tex. July 29, 2024). That action, too, was removed to the Southern District of Texas, where the parties are currently briefing PDVH's Motion to Dismiss. *See Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*, No. 4:24-cv-02981 (S.D. Tex.).

1

a declaratory judgment action commenced by ConocoPhillips concerning the same overarching question: whether equity dictates that the corporate distinctions between PDVSA and PDVH be disregarded such that the debts of PDVSA should be foisted on PDVH. Transfer is necessary and appropriate because, since Girard Street has predicated its case on the totality of the equities, it stands to reason that the court best placed to resolve its case is the court before whom *all* of equitable considerations are available. That court is unquestionably in Delaware: PDVH is a Delaware corporation. Its only asset, shares in CITGO Holding, is also a Delaware corporation—meaning that, under Delaware law, the shares are present in Delaware. Furthermore, Girard Street, by issuing Rule 45 subpoenas to numerous judgment creditors involved in the proceedings currently underway in Delaware (including HII), has admitted the strong connection between its action before this Court and the actions brought in Delaware by HII and others. Finally, if, as HII believes, the alter ego claims brought by Girard Street are meritless claims brought in bad faith for the purpose of interfering with the auction of the PDVH shares by a disgruntled also-ran, then the court in Delaware is best placed to view that fact in context, as equity dictates.

## STATEMENT OF FACTS

### I.   HII's Judgment And The Delaware Sale Proceedings

HII is a judgment creditor of Venezuela, holding a judgment amounting to $137,977,646.43 (plus interest) against Venezuela, as well as perfected writs of attachment *fieri facias* on the shares of PDVH owned by Venezuela's state oil company, PDVSA. *See* Northrop Grumman Ship Systems, Inc.'s Judgment Statement, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151, Dkt. No. 661 (Aug. 14, 2023); Writ of Fieri Facias, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151, Dkt. No. 1050-1 (Mar. 13, 2023). Since 2017, the District Court in Delaware has presided over litigation brought by nearly

two dozen judgment creditors like HII seeking to execute judgments against Venezuela or PDVSA by attaching PDVSA's shares in PDVH. *See generally Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151 (D. Del.). For creditors of Venezuela, this required first proving that PDVSA was the alter ego of Venezuela, rendering PDVSA liable for Venezuela's debts. That alter ego relationship has been established twice—first by Crystallex International Corporation in 2018, and then by HII (together with judgment creditor OI European Group B.V.) in 2023.

Because of this fact-intensive and lengthy litigation, the Delaware District Court has detailed knowledge of the facts concerning the relationships between Venezuela, PDVSA, and PDVH, as well as a comprehensive perspective on their bearing—or lack thereof—on the alter ego analysis. Indeed, Girard Street's instant action (like its affiliates' parallel suits in Texas) is predicated on the Delaware District Court's finding—affirmed by the Third Circuit—that PDVSA is Venezuela's alter ego. *See* Dkt. No. 1, ¶ 30.[3]

Further, the Delaware District Court has overseen a complex process for and litigation surrounding the sale of the PDVH shares that have been ongoing for over two years, and in which

---

[3] Notably, Girard Street relies in its Complaint on the Third Circuit's determination "that PDVSA is the alter ego of Venezuela no matter when the inquiry is brought." Dkt. No. 1, ¶ 30. Girard Street's reference to the operative timeframe for the alter ego inquiry reveals why it and its affiliates desperately seek to avoid adjudication of their alter ego claims in Delaware. The Third Circuit concluded in 2023 that "the alter-ego inquiry should consider all relevant facts up to the time of the service of the writ of attachment." *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 73 F. 4th 157, 172 (3d Cir. 2023). Girard Street and its affiliates certainly recognize that such facts—*i.e.*, up to the date a writ of attachment is perfected—would be fatal to their alter ego claims given the current status of the relationship between PDVH and PDVSA.

3

Girard Street has participated.[4] PDVH is a Delaware corporation, and its shares are presently in *custodia legis* with the Delaware District Court.

## II. Girard Street's Attempt To Undermine The Established Priority of Creditors

Girard Street's commencement of the instant action followed its unsuccessful participation in the sale process in Delaware and is a blatant attempt to circumvent that process. On March 8, 2024, upon obtaining a default judgment against PDVSA in this Court (which has since been vacated), Girard Street filed a submission with the Delaware District Court stating that it had completed two of the seven steps set forth by that Court for creditors to be eligible to receive proceeds from the sale of the PDVH shares. No. 17-mc-151, Dkt. No. 1038 (D. Del. March 8, 2024). However, Girard Street did not complete any of the remaining required steps and therefore does not stand to recover any sums in the Delaware sale process.

Having failed to secure a place in the priority order of creditors established by the Delaware District Court, Girard Street then filed its Complaint in the instant action on June 10, 2024. Putting aside the dubious merit of Girard Street's claim that PDVH is an alter ego of PDVSA, its request that this Court issue a turnover order entitling Girard Street to possession of PDVH's shares of its subsidiary, CITGO Holding, would both violate Delaware law—since those shares are deemed to be located in Delaware under Delaware law, *see* 8 Del. C. § 169—and would severely undercut the creditor priority rules in the Delaware sale process because Girard Street effectively seeks to obtain an attachment one level down PDVSA's corporate structure.[5]

---

[4] Indeed, the circumstances of the litigation and sale process in Delaware are so complex that Judge Leonard P. Stark has continued to preside over the proceedings despite his confirmation as a Circuit Judge on the U.S. Court of Appeals for the Federal Circuit in 2022.

[5] Girard Street's commencement of the present action also followed an unsuccessful attempt by its parent, Gramercy, to modify the priority rules set by the Delaware District Court. *See* No. 17-mc-151, Dkt. No. 893 (Gramercy Distressed Opportunity Fund, LLC's Motion for Miscellaneous Relief in Connection with the Sale Procedures Order) (D. Del. Jan. 26, 2024); *Id.*, Dkt. No. 963,

### III. ConocoPhillips' Declaratory Judgment Action In Delaware

On October 14, 2024, ConocoPhillips—a senior creditor and Sale Process Party[6] in the Delaware proceedings—commenced a declaratory judgment action in the District of Delaware against Girard Street and other creditors (including Girard Street's affiliates G&A Strategic Investments and Gramercy Distressed Opportunity Fund, LLC) who have asserted reverse veil-piercing claims against PDVH in jurisdictions outside the District of Delaware. *ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC et al.*, No. 1:24-cv-01140 (D. Del.). PDVH, PDVSA, and Venezuela are also defendants in ConocoPhillips' declaratory judgment suit. In that action, ConocoPhillips seeks a "judgment declaring that reverse corporate veil-piercing is not available as a remedy to the Alter Ego Defendants under these circumstances where an alternative remedy exists," or, alternatively, the issuance of "writs of attachment against PDVH's capital stock in Citgo Holding in favor of each of Crystallex and the Additional Judgment Creditors in the same order of priority already established by this Court in the Sale Process." No. 1:24-cv-01140, Dkt. No. 1, at 16.

### IV. New Developments Demonstrate The Deleterious Impact of Girard Street's Action

On October 23, 2024, this Court denied a motion to intervene by another judgment creditor of Venezuela, Red Tree, based on the reasoning that Girard Street's alter ego action against PDVH "will not interfere" with the Delaware sale process and that a judgment in Girard Street's favor would not impair Red Tree's interest given the offer of $7.3 billion for the purchase of the PDVH

---

at 6-7 (Court denying Gramercy's motion and noting that Gramercy "could have attained higher priority had [it] acted more quickly to enforce [its] judgment[].") (D. Del. Feb. 15, 2024).

[6] The "Sale Process Parties" in the Delaware proceedings are those parties—namely, Crystallex, ConocoPhillips, and the Venezuela entities—that the District Court and Special Master have consulted in establishing and implementing the PDVH share sale process, and which historically paid for the transaction expenses relating to the sale process.

shares. Dkt. No. 58, at 4-5. HII respectfully submits that certain material clarifications are necessary in this regard. Further, there have been substantial developments following the briefing on Red Tree's motion to intervene that fundamentally alter the premises of this Court's decision.

### A. Girard Street's Alter Ego Claim Has Upended The Sale Process In Delaware

The existence of Girard Street's present action has gone well beyond an abstract threat to the Delaware proceedings. As the Special Master appointed by the Delaware District Court and parties-in-interest have recently recognized, the pendency of Girard Street's alter ego action (and those of its affiliates) has been so detrimental to the sale process, having interfered with the *res* in the District Court's custody, that the entire sale process needs to be restarted and a full year of auction work discarded completely. In particular, in a series of filings on November 26, 2024 responding to the District Court's expression of certain inclinations relating to the sale process, the key stakeholders expressed myriad concerns about the impact of the instant and parallel alter ego actions:

- The **Special Master** indicated that he "is not aware of any third party (*i.e.*, not a holder of an Attached Judgment) willing to submit a bid for the PDVH shares without material conditionality related to pending alter ego cases." No. 17-mc-151, Dkt. No. 1445, at 4.

- **Crystallex** explained that Girard Street's and other Gramercy entities' alter ego actions amount to an "end-run around [the Delaware] Court's sale process" that "requires the PDVH shares to be treated as a nullity and thus undermines [the Delaware] Court's attachment of those shares and Order determining which creditors of Venezuela and PDVSA are entitled to have their judgments satisfied in [the Delaware] Court's sale process and in what order." No. 17-mc-151, Dkt. No. 1438, at 4-5.

- **ConocoPhillips** clarified "the impact of the alter ego risk on the ability to obtain external financing sources to fund bids," stating that "it is not clear that any external financing can be obtained given that risk" and therefore a "lack of available third-party financing would have a chilling effect on the quantity and quality of the bidding." No. 17-mc-151, Dkt. No. 1442, at 1.

- The proposed buyer recommended by the Special Master, **Amber Energy**, expressed that its "[c]onsummation of a sale pursuant to the SPA has always been conditioned on the [Delaware] Court granting a broad injunction to prevent *any* party from asserting alter-ego claims against PDVH or its subsidiaries for the legacy liabilities of the Republic or PDVSA after the sale. In other words, the transaction contemplated by the SPA is expressly

6

conditioned on the granting of the Injunction Motion and the attendant adjudication by [the Delaware] Court of the Alter-Ego Claims.  Absent such an injunction and merits determination, the SPA's conditions precedent will not be met; accordingly, the SPA will be moot."  No. 17-mc-151, Dkt. No. 1444, at 5.  Amber Energy specifically cited Girard Street's present action before this Court as an example of the "broad litigation overhang" that "significantly increases the risk profile of this investment" for the buyer.  *Id.* at 7.

There are numerous participants in the Delaware sale process, and their respective interests do not align in all respects.  Yet there is overwhelming consensus that the existence of the instant action brought by Girard Street is clouding an essential condition of any potential value-maximizing sale: that the buyer will obtain the PDVH shares "free and clear" of claims or encumbrances from creditors of Venezuela or PDVSA.[7]  Consequently, the originally proposed Amber Energy transaction no longer exists, and therefore the projected waterfall of sale proceeds that would have been paid to creditors under that potential transaction remains undisclosed.  *See* No. 17-mc-151, Dkt. No. 1455, at 7 n.4 (D. Del. Dec. 3, 2024) (Special Master stating that "neither Amber Energy bid remains available today, so the Special Master does not intend to disclose the applicable waterfall analysis for that bid unless ordered to do so by the Court.").[8]

---

[7] *See also* Letter on Behalf of Special Master to Judge Stark of the Delaware District Court, No. 17-mc-151, Dkt. No. 1415, at 3 (Nov. 6, 2024) ("[T]he additional alter ego claims asserted against PDVH and/or its subsidiaries threaten to render the PDVH Shares worthless. Thus, unless those claims are enjoined and resolved by this Court, a sale of the PDVH Shares may not go forward at all, let alone a sale that will result in a purchase price that provides an opportunity for Red Tree and other Additional Judgment Creditors to recover.").

[8] It also bears noting that, even if the now-defunct Amber Energy transaction had been consummated, the enterprise value figure of up to $7.3 billion referenced in this Court's prior ruling did not represent the amount of proceeds that actually would have been distributed to eligible creditors. As the Special Master recently reiterated, that top-line figure "reflect[ed] both the equity and debt of CITGO" and was "therefore not the correct figure for evaluating which Additional Judgment Creditors will share in the waterfall of sale proceeds." No. 17-mc-151, Dkt. No. 1415, at 3 (D. Del. Nov. 6, 2024). That figure was subject to several substantial downward adjustments—including reductions based on Girard Street's present alter ego action—that the Special Master indicated created "a strong likelihood that the purchase price [would] be lower than this headline number after adjustments, ***potentially by billions of dollars***." *Id.* (emphasis added).

7

### B. Girard Street's Abusive Discovery Tactics Effectively Concede The Connection Between This Action And The Delaware Proceedings

Girard Street brought HII into this action by issuing an improper third-party subpoena, perhaps in an effort to avoid resolution of its case on a motion to dismiss. As this Court is aware, Girard Street has blanketed numerous creditors in the Delaware proceedings with such subpoenas, in which Girard Street seeks to appropriate the attorney work product from HII and other creditors' investigation and litigation of *PDVSA's* (not PDVH's) alter ego relationship with Venezuela.[9] Girard Street's subpoenas to these nonparties comprise requests that are altogether irrelevant, immaterial, and disproportionate to the needs of this case. As the Court held in quashing Girard Street's Rule 45 subpoenas to the CITGO entities, such requests "are not only patently overbroad, but also have little apparent relevance to the case in front of this Court. … To the extent Girard Street seeks discovery regarding the alleged alter ego relationship between PDVSA and PDVH, those documents should be readily obtainable in discovery from PDVSA or PDVH." Dkt. No. 66, at 2. This reasoning applies with even greater force to the subpoenas Girard Street issued to HII and other nonparty creditors, who—unlike CITGO—are not related entities to PDVSA or PDVH.

## ARGUMENT

This Court should allow HII to intervene in this case for the limited purpose of bringing a motion under 28 U.S.C. § 1404 seeking the transfer of this action to the *ConocoPhillips v. Girard Street* action pending in District of Delaware. HII satisfies the standard for either intervention as of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b).

---

[9] The Rule 45 subpoenas that Girard Street issued to HII is identical to the subpoena it issued to Crystallex, which was submitted on the record with CITGO's Motion to Quash. Dkt. No. 63, Ex. 7. HII reserves the right to file motions to quash Girard Street's subpoenas if they are not withdrawn.

**I.      HII Should Be Granted Intervention As Of Right Under Rule 24(a)**

A party may intervene as of right, under Rule 24(a)(2), if it: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). In applying this test, courts are mindful that Rule 24 "provides the flexibility necessary to cover the multitude of possible intervention situations and that common sense demands that consideration be given to matters that shape a particular action or a particular type of action." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984) (quotations and ellipses omitted).

   A.   HII's Motion Is Timely

Timeliness entails an assessment of the totality of the circumstances in the district court's sound discretion. *See Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014) (observing that "the timeliness requirement is flexible" and that "it certainly is not confined strictly to chronology") (citations and quotations omitted); *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 595 (2d Cir. 1986) (a court "must not consider merely the length of time the litigation or proceeding has been pending, but should base its determination upon all of the circumstances of the case"); *Morg. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381 (E.D.N.Y. 2003) ("[B]ecause the effect that the length of time the litigation or proceeding has been pending is to be determined on a case by case basis, the Court's determination will be based upon all of the circumstances of this case.") (internal citation omitted).

Here, it was in October 2024 that ConocoPhillips commenced its declaratory judgment action against Girard Street in the District of Delaware and, later, this Court denied Red Tree's motion to intervene in the present action. And it was on November 20, 2024 that the Delaware

9

District Court indicated that it was not inclined "to undertake to resolve, in the context of the *Crystallex* Action, the fact issue of whether PDVH is the alter ego of the Republic and/or PDVSA, or the related issue of whether PDVH is subject to reverse veil-piercing," while also expressly recognizing "that its docket now includes [the *ConocoPhillips v. Girard Street* action]." No. 17-mc-151, Dkt. No. 1433, at 6.  Accordingly, HII has known only for a matter of weeks that (*i*) its interest in relation to the present action will not be represented (adequately or otherwise) by another similarly-situated judgment creditor, and (*ii*) the *ConocoPhillips v. Girard Street* action appears to be the preferred venue for the Delaware District Court to hear Girard Street's alter ego allegations against PDVH.  In these circumstances, HII's motion to intervene is timely.  In any event, even if the timeliness of HII's motion were adjudged strictly based on the date Girard Street filed this action (June 10, 2024), the intervening period of less than six months is justified based on the aforementioned series of developments in both this action and the Delaware proceedings.  *Cf. Republic of the Phil. v. Abaya*, 312 F.R.D. 119, 123 (S.D.N.Y. 2015) (finding motion to intervene by class of judgment creditors to be timely, "[a]lthough Class Plaintiffs waited nearly a year to intervene," because "the delay in this case was occasioned by Class Plaintiffs' efforts to prosecute a similar action in state court, and once this Court stayed that action, the motion to intervene was promptly filed.").

      B.  <u>HII Has a Protectable Interest That Is Not Adequately Represented By The Parties</u>

HII's judgment against Venezuela of approximately $137,977,646.43 (plus interest) and its perfected attachment on the PDVH shares constitute a "direct, substantial, and protectable interest" in the property at issue in this action under Rule 24(a)(2).  *See* Dkt. No. 58, at 3 (finding that Red Tree's judgments against PDVSA and lien on PDVH's shares represent a cognizable interest).  Girard Street's nonparty subpoenas to HII and other creditors prove as much—its requests for documents concerning the relationship between PDVSA and Venezuela betray the

10

close connection between the evidence Girard Street intends to deploy in this action and the long-running proceedings in the District of Delaware.  Further, notwithstanding this Court's ruling concerning Girard Street's subpoenas directed to the CITGO entities, HII, and other nonparty creditors remain under the specter of potentially being subjected to further unreasonable discovery requests, such as commands to provide deposition testimony.

HII's interest is not adequately represented by the parties in this case for the same reasons this Court articulated in its order on Red Tree's motion.  *See* Dkt. No. 58, at 4 ("Red Tree and the existing parties do not have the same ultimate objectives.  Girard Street is a competing creditor who will prioritize its own recovery, and PDVSA and PDVH, as the debtors, also have no reason to protect Red Tree's recovery.").

C. <u>HII's Interest Would Be Harmed Absent Intervention</u>

This Court denied Red Tree's motion based on its consideration that Red Tree's interest would not be impaired absent intervention.  Dkt. No. 58, at 4.  In particular, the Court reasoned that "there is no evidence that the instant action, even if it were to result in a judgment against PDVSA, would impair Red Tree's ability to recover on its outstanding judgment of $280 million," based on the fact that Red Tree's priority position in the Delaware sale process was behind $3.3 billion in claims while the existing offer for the purchase of PDVH shares was $7.3 billion.  *Id.*

HII respectfully submits that the clarifications and recent developments set out above (*see supra* pp. 5–7) warrant reconsideration of the Court's analysis in this regard.  In large part because of the material risks imposed by Girard Street's and its affiliates' alter ego actions, there is currently no proposed transaction on the table, and the Delaware sale process will soon be restarted.  More fundamentally, as the Special Master emphasized following this Court's decision on Red Tree's motion, a judgment in Girard Street's favor in the present action would "render the PDVH Shares worthless," could precipitate a declaration of bankruptcy by PDVH and, therefore,

11

could prevent *any* judicial sale from going forward. No. 17-mc-151, Dkt. No. 1415, at 3 (D. Del. Nov. 6, 2024). As this Court recognizes the Special Master's role in protecting the Delaware sale process from disruption, *see* Dkt. No. 58, at 5 n.2, the Special Master's warnings evince a sufficient risk of harm to HII's property interest to warrant intervention.

Girard Street also acknowledges that its alter ego claim is a request for equitable relief. *See* Dkt. No. 1, ¶¶ 5, 135, 142; Dkt. No. 47, ¶ 223. The totality of the equities, however, are not before this Court. The full range of equitable considerations are before the District Court of Delaware, which twice analyzed Venezuela's relationship with PDVSA, based on evidence that Girard Street views as relevant to its present claim. Girard Street's attempt to sidestep the Delaware proceedings so as to undercut other creditors participating in those proceedings (all while harassing them with discovery) displays a lack of clean hands and are also elements of the totality of equities that would need to be considered in relation to Girard Street's alter ego claim. HII must, therefore, intervene to protect its interests by providing the Court with the full picture that Girard Street seeks to obfuscate.

## II.     Alternatively, HII Should Be Permitted To Intervene Under Rule 24(b)

Permissive intervention is appropriate if the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This standard is to be "liberally construed." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006)). The "principal guide in deciding whether to grant permissive intervention is 'whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Pitney Bowes*, 25 F.3d at 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(3)).

HII's requested intervention is for the limited purpose of moving to transfer this action to the District of Delaware, where ConocoPhillips' declaratory judgment action against all of the parties in the instant action is pending. Far from unduly delaying adjudication of Girard Street's alter ego claim or prejudicing the parties in the present action, such a transfer would in fact promote judicial efficiency and ensure the continued viability of the PDVH share sale process. The Delaware District Court is well versed in the factual relationships between Venezuela, PDVSA, and PDVH as well as the full panoply of equitable considerations and stakeholders impacted by Girard Street's claim. As Girard Street's instant action invokes a court's equitable powers to deem PDVH an alter ego of PDVSA, the most suitable forum for that issue to be decided is the court with a complete perspective of the equities at play.

## CONCLUSION

For the foregoing reasons, the Court should allow HII to intervene in this action and order briefing on a motion to transfer this action to the *ConocoPhillips v. Girard Street* proceeding in the District of Delaware.

Dated: December 9, 2024

Alexander A. Yanos
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
(Tel) 212-210-9400
(Fax) 212-210-9444
alex.yanos@alston.com

*Counsel for Huntington Ingalls Incorporated*