**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GIRARD STREET INVESTMENT HOLDINGS LLC,

        Plaintiff,

  v.

PDV HOLDING, INC.,

        Defendant.

Case No. 24-cv-04448-JSR
(Consolidated with Case No. 23-cv-10772-JSR and Case No. 23-cv-10766-JSR)

---

**PLAINTIFF GIRARD STREET INVESTMENT HOLDINGS LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**
**COMPLIANCE WITH SUBPOENA TO PETRÓLEOS DE VENEZUELA, S.A.**

Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Molly Bruder Fox (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Emma Marshak (*pro hac vice*)
Sabra R. Messer (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
E-mail: mbfox@steptoe.com
E-mail: asloniewsky@steptoe.com
E-mail: emarshak@steptoe.com
E-mail: smesser@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*

Pursuant to Federal Rule of Civil Procedure 45 and Local Civil Rule 37.2, Plaintiff Girard Street Investment Holdings LLC ("Girard Street") submits this Motion to Compel compliance with the subpoena served on Petróleos de Venezuela, S.A. ("PDVSA") on October 24, 2024. PDVSA's production of documents has been grossly inadequate, and time is short to remedy the deficiency: depositions have already begun. Thus, Girard Street seeks an order (i) directing PDVSA to immediately produce the documents PDVSA previously produced in three related litigations; and (ii) granting Girard Street additional time at PDVSA's Rule 30(b)(6) deposition to explore PDVSA's document collection and review efforts.

In a September 6, 2024 hearing before the Court, PDVSA's counsel represented that PDVSA was "ready to proceed" with discovery on an accelerated basis. Consistent with the accelerated discovery schedule entered by the Court, on October 24, 2024, Girard Street served PDVSA with an Information Subpoena (the "Subpoena"). On the same date, PDVSA and PDV Holding, Inc. ("PDVH") served their own Requests for Production on Girard Street and its affiliates (together, "Plaintiffs"). Discovery is scheduled to close on February 24, 2025. Document discovery needed to be substantially complete well in advance of that date to permit the parties to adequately prepare for depositions, which began on January 31.

The Subpoena set forth 83 separate document requests to PDVSA. The parties negotiated the scope of the requests, and PDVSA agreed to produce documents in response to 58 requests and to apply a set of negotiated English and Spanish search terms to documents collected from five PDVSA custodians. However, PDVSA unilaterally cut a number of these search terms from its review set, and did not inform Girard Street of this until January 23, 2025.

By the end of January 2025, Plaintiffs had produced over 22,000 documents across seven productions in response to PDVSA and PDVH's requests. In contrast, PDVSA had produced **fewer than 400 total documents**—nearly all in January—including only 166 emails, and asserted its production of documents was complete. PDVSA stated it had reviewed approximately 46,000 documents to identify the 386 responsive documents it produced—an unusually low responsiveness rate. PDVSA had produced **no documents at all** in response to **23** of the 58 requests for which it had agreed to produce documents, and very few documents in response to several other requests. The absent categories included many critical to Girard Street's case, such as PDVSA's financial statements and balance sheets (Request No. 6); documents concerning payments between PDVH and PDVSA (Request No. 22); communications regarding Citgo Holding's August 1, 2019 issuance of notes (Request No. 57); and documents concerning the satisfaction of PDVH's November 2016 pledge (Request No. 60). Indeed, Girard Street has identified a number of PDVSA-related documents, such as a 2020 Services Agreement to which PDVSA was a party, that were produced by PDVH but not by PDVSA.

In light of PDVSA's deficient productions, Girard Street requested PDVSA apply the search terms PDVSA unilaterally omitted from its review, and the parties reached agreement on the additional terms. On February 5, 2025, PDVSA made an initial production of 277 documents (including 25 emails) based on those terms. Thus, PDVSA has produced a total of **663 documents**.

Given PDVSA's grossly inadequate production of documents and the urgency of developing a full documentary record, Girard Street requests that the Court (i) direct PDVSA to immediately supplement its productions by re-producing the documents it already produced in

three related litigations: *Petróleos de Venezuela, S.A. et al. v. MUFG Union Bank, B.A. et al.*, No. 19-cv-10023 (S.D.N.Y.) ("*MUFG*"); *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-cv-151 (D. Del.) ("*Crystallex*"); and *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19-cv-290 (D. Del.) ("*OIEG*"); and (ii) grant Girard Street additional time at PDVSA's Rule 30(b)(6) deposition to explore PDVSA's document collection and review efforts.

A motion to compel compliance with a subpoena is "'entrusted to the sound discretion of the district court.'" *Fitch, Inc. v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted). The moving party "bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive." *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 260 (S.D.N.Y. 2024) (cleaned up). While courts do not ordinarily order the production of documents produced in other litigation as a matter of course, "courts . . . have recognized the propriety of such discovery requests in some cases" where there is substantial overlap of the issues. *See Sticht v. Wells Fargo Bank, N.A.*, No. 20-CV-1550, 2023 WL 2206641, at *5 (D. Conn. Feb. 24, 2023). For example, in *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-cv-1781, 2020 WL 9423921 (S.D.N.Y. Aug. 31, 2020), the court granted a motion to compel production of discovery produced in another lawsuit and investigation where the issues in the case "overlap[ped] substantially with the issues" in the other two proceedings. *Id.* at *1. *See also, e.g.*, *Sticht*, 2023 WL 2206641, at *5 ("Because of the similarity between the claims at issue . . . Wells Fargo's production of documents—which it has already generated in [the other case] . . . is proportional to the needs of this case.").

Here, the documents produced in *MUFG*, *Crystallex*, and *OIEG* are highly relevant to this veil-piercing action because there is extensive overlap in factual and legal issues: in those cases, creditors sought to reverse-pierce the corporate veil between Venezuela and PDVSA. Here, Girard Street seeks to reverse-pierce the corporate veil between PDVSA and PDVH based on allegations, among others, that at the direction of PDVSA, PDVH's profits have been used for the sovereign functions of Venezuela. These issues are closely intertwined. Further, PDVSA should be able to re-produce its own productions with minimal burden; and the documents should not pose privilege issues. PDVSA has offered to instead re-review its productions from these cases and produce only those documents it determines to be relevant, but cannot justify a re-review that would unnecessarily delay PDVSA's production of documents further into the deposition period, which closes in 17 days. Further, Girard Street is concerned that PDVSA appears to have taken an overly narrow view of responsiveness in its previous review, resulting in extremely limited productions.

Girard Street also seeks additional comfort that PDVSA has undertaken a reasonable collection and review by requesting an additional two to three hours at PDVSA's Rule 30(b)(6) deposition to explore its document collection and review efforts. Courts grant such "discovery on discovery" where a party "provide[s] an adequate factual basis to justify the discovery." *Freeman v. Giuliani*, No. 24-CV-06563, 2024 WL 5135913, at *3 (S.D.N.Y. Dec. 17, 2024) (cleaned up); *see, e.g.*, *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2019 WL 3334503, at *18 (S.D.N.Y. July 25, 2019) (granting discovery on discovery where plaintiffs "provided specific examples of defendants' deficient production"); *Sidman v. Concord Arena Parking, LLC*, No. 15-CV-7426, 2021 WL 1940255, at *3 (E.D.N.Y. May 11, 2021) (where a party "believes [ ] production is incomplete," "[t]he remedy is to ask for a declaration (or deposition) that outlines the practices and procedures used to collect and produce documents").

2

Dated: February 7, 2025                              Respectfully submitted,

                                        By: /s/ *Evan Glassman*
                                            Evan Glassman
                                            STEPTOE LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            Tel: (212) 506-3900
                                            Fax: (212) 506-3950
                                            E-mail: eglassman@steptoe.com

                                            Michael J. Baratz (*pro hac vice*)
                                            Molly Bruder Fox (*pro hac vice*)
                                            Andrew J. Sloniewsky (*pro hac vice*)
                                            Emma Marshak (*pro hac vice*)
                                            Sabra R. Messer (*pro hac vice*)
                                            STEPTOE LLP
                                            1330 Connecticut Avenue, NW
                                            Washington, DC 20036
                                            Tel: (202) 429-6468
                                            Fax: (202) 429-3902
                                            E-mail: mbaratz@steptoe.com
                                            E-mail: mbfox@steptoe.com
                                            E-mail: asloniewsky@steptoe.com
                                            E-mail: emarshak@steptoe.com
                                            E-mail: smesser@steptoe.com

                                            *Counsel for Plaintiff*
                                            *Girard Street Investment Holdings LLC*